■ IDA BARTSCH, Respondent, v SUSAN B. D. BARTSCH, Appellant. (And a Third-Party Caption.)—In an action *inter alia* to adjudge plaintiff the owner of certain premises and for ejectment, defendant appeals from an order of the Supreme Court, Westchester County, entered June 22, 1976, which granted plaintiff's motion for summary judgment as to the first cause of action asserted in the complaint. Order affirmed, with $50 costs and disbursements. The stay granted in the order of this court dated July 13, 1976 is hereby vacated. Plaintiff, Ida Bartsch, is the mother of Donald Bartsch, the third-party defendant. Donald is the husband of the defendant, Susan Bartsch. The plaintiff has been granted summary judgment as to her first cause of action, adjudging that she is the sole owner of certain property which, until recently (July, 1976), was occupied by her daughter-in-law (Susan) and her two grandchildren. A stay of the execution of the order has been granted pending the outcome of the appeal. Susan and Donald, as tenants by the entirety, purchased the premises at issue in 1967 and, as part consideration, executed and delivered a bond and purchase-money mortgage to the seller. In time they defaulted on the mortgage payments. A judgment of foreclosure and sale was entered against them in June, 1968. A married couple, friends of Donald, thereupon acquired title to the foreclosed premises and, in turn, sold the house to Ida Bartsch, the plaintiff. On November 25, 1970 Susan and Donald entered into a separation agreement

as to which Ida was in no way privy. *Inter alia,* the agreement provided, at paragraph "Fourth" thereof, that: "The parties acknowledge and agree that the wife [Susan] shall have full and complete occupancy of the parties' dwelling house * * * until such time as she may elect." Susan interposed as a defense that Ida was aware of the terms and provisions of the separation agreement, and that Ida had adopted and ratified Donald's obligations thereunder. Susan asserted that the fact she and the grandchildren occupied the premises for five and one-half years lends verisimilitude to this argument. Absent any evidence that the plaintiff was involved in this agreement, or made any promises to Susan, or expressly assumed the agreement in question, we hold that the plaintiff is not responsible for either the obligations of her son, or for his debts arising out of the separation agreement (see *Henske & Sons v Cold Spring Holding Corp.,* 39 AD2d 769). It is well-settled law that parties to a contract cannot, under its terms, impose any liability upon a stranger to that contract. A person who is not named or bound by the terms of a written contract cannot be rendered liable on it by a mere intention that he should be bound, except as effect may be given such intention by reforming the contract to add him as a party on the theory that equity may add the name of a party omitted by mistake (see 10 NY Jur, Contracts, § 231). Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.