■ RICHARD STEINBERG et al., as Coadministrators of the Estate of LISA STEINBERG, Deceased, Appellants, v ANWAR ABDUL et al., Defendants, and FISHER DEVELOPMENT CORP. et al., Respondents. [646 NYS2d 672] —Order of the Supreme Court, New York County (Diane Lebedeff, J.), entered July 10, 1995, which granted the motions of defendants-respondents Fisher Development Corp., Michael McCormack and Aidan Martin seeking summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed for the reasons stated by Lebedeff, J., without costs.

We add that the mere hope, expressed by plaintiffs, that evidence sufficient to establish defendants' assumption of a duty to plaintiffs' decedent may be obtained during discovery does not fulfill their obligation to demonstrate the likelihood of such disclosure (CPLR 3212 [f]) and, thus, is insufficient to defeat defendants' motions for summary judgment (*Frierson v Concourse Plaza Assocs.*, 189 AD2d 609, 610). Concur—Rosenberger, J. P., Ellerin, Rubin and Kupferman, JJ.

■ PATRICIA JOHNSON, Appellant, v PAULA SUMMA, Respondent and Third-Party Plaintiff, et al., Defendant. NEW YORK TELEPHONE Co., Third-Party Defendant-Respondent. [646 NYS2d 8] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered April 11, 1995, which, *inter alia*, granted defendant-respondent's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The action was properly dismissed on the ground that it was not foreseeable, as a matter of law, that plaintiff, a telephone installer, would enter the attic from which she fell since defendant home owner was never given any indication that access to that remote area of the house would be required. And, even if plaintiff's entry into the attic was foreseeable, " '[t]here is no duty to warn against a condition which is readily observable' " (*Pepic v Joco Realty*, 216 AD2d 95, 96, quoting *Smith v Curtis Lbr. Co.*, 183 AD2d 1018, 1019). As acknowledged by plaintiff, the unfinished condition of the attic floor was obvious. Concur—Rosenberger, J. P., Ellerin, Rubin and Kupferman, JJ.