■ GILBERT L. JOBE, Appellant, v RICHARD AKOWCHEK, Respondent. (And a Third-Party Action.) [687 NYS2d 417] —In an action to foreclose a mortgage on real property, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated March 4, 1998, as denied his motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment is granted.

The defendant agreed to purchase certain real property from the plaintiff for a total sum of $875,000, including a note payable to the plaintiff in the sum of $550,000, secured by a purchase money mortgage. The contract expressly stated that the sale was "subject to the subdivision and contemporaneous sale at the time of closing" of a parcel of the subject property consisting of about 60 acres (hereinafter the 60-acre parcel). The defendant contracted to sell the 60-acre parcel to the third-party defendants for the sum of $225,000, which he intended to use to pay the plaintiff. Although the third-party defendants did not close on the purchase of the 60-acre parcel, the defendant obtained other financing and closed on his purchase of the subject property. He subsequently defaulted on the note payable to the plaintiff, who then commenced the instant foreclosure action. As an affirmative defense, the defendant asserted, *inter alia,* that the plaintiff fraudulently induced him to enter into the purchase money mortgage.

The plaintiff moved for summary judgment on the complaint. In opposition to the motion, the defendant asserted that the plaintiff had fraudulently induced him to purchase the subject property by assuring him that the third-party defendants would purchase the 60-acre parcel, when, in fact, the third-party defendants never intended to close. The Supreme Court denied the plaintiff's motion, on the ground, *inter alia,* that discovery was necessary. We reverse.

The plaintiff was entitled to summary judgment. To the extent that he assured the defendant that the third-party defendants would close on their purchase of the 60-acre parcel, "this alleged misrepresentation of fact [was] no more than an opinion, or prediction of something which [was] expected to occur in the future, and cannot sustain a claim for fraud" (*Karsanow v Kuehlewein*, 232 AD2d 458). Moreover, the defendant failed to demonstrate that, at the time the alleged assurances were given, the third-party defendants did not intend to close on their purchase of the 60-acre parcel and the plaintiff knew that they did not so intend (*see, Crafton Bldg. Corp. v St. James Constr. Corp.*, 221 AD2d 407; *see, G & F Assocs. Co. v Brookhaven Beach Health Related Facility*, 249 AD2d 441).

Moreover, denial of the motion pending discovery was not warranted since there was no likelihood that discovery would lead to evidence that the plaintiff fraudulently induced the defendant to enter into the contract and go through with the closing (*see, Mazzaferro v Barterama Corp.*, 218 AD2d 643, 644). O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.