■ LEONARD MARX, SR., et al., Appellants, v MACK AFFILIATES et al., Respondents. [696 NYS2d 436] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered June 5, 1998, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action between one-time joint venturers who proposed to develop property in New Jersey, plaintiffs' first cause of action for a lost lease opportunity with United Parcel Service (UPS) was properly dismissed as too speculative. Given the significant engineering and zoning issues raised by the prospect of a lease to UPS, UPS's possible preference for one of several other sites under consideration, and the fact that the property was currently under contract to another party, the talks with UPS cannot be said to have progressed beyond the exploratory stage (*see, Manshul Constr. Corp. v Dormitory Auth.*, 111 Misc 2d 209, 224-225, *affd* 88 AD2d 794, *lv denied* 57 NY2d 608).

The second cause of action for defendants' failure to draw down a $500,000 letter of credit when the buyer under contract allegedly breached the contract is barred under the doctrine of res judicata since plaintiffs had a full and fair opportunity to litigate this issue in an action in New Jersey Superior Court and, in fact, won a judgment in that court for $500,000 plus attorneys' fees (*see, Ryan v New York Tel. Co.*, 62 NY2d 494).

The third cause of action for defendants' alleged failure to enforce the contract of sale of the subject property was also properly dismissed. Contrary to plaintiffs' claim, defendants' fiduciary duty as co-venturers ceased once defendants, with plaintiffs' approval, bought into the very entity purchasing the property. For the same reason, defendants had no fiduciary duty to accept a settlement of the New Jersey action on terms that plaintiffs demanded.

Finally, defendants' optimistic projection that governmental approvals for the site plan would be secured shortly when, in fact, they were not secured for over a year, provides no basis for an action for fraud. This was no more than a prediction or opinion, not a misrepresentation of fact (see, Jobe v Akowchek, 259 AD2d 735). Concur—Ellerin, P. J., Rosenberger, Tom, Lerner and Saxe, JJ.