■ WILTON LLANTIN, Respondent, v JANE DOE et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [817 NYS2d 57]—

Judgment, Supreme Court, Bronx County (Paul Victor, J.), entered on or about February 10, 2005, which imposed sanctions in the amount of $1,500 for reimbursement of expert expenses and $1,000 for counsel fees, unanimously reversed, on the law and the facts, without costs, and the order vacated. Leave to appeal to this Court granted sua sponte.

After a previous mistrial and adjournment, the attorneys appeared before Justice Saks on December 7, 2004 to begin trial. Prior to that date, appellant's counsel had contacted a key witness to confirm his availability for trial. On December 7, appellant's counsel represented that the case was ready for trial, jury selection commenced, and two jurors were sworn. The next morning, prior to continuing the voir dire, appellant's counsel requested to appear before the judge because she had just learned the witness was not available until after Christmas. Appellant's counsel made an application to adjourn the trial until the end of December. Instead of granting this request, Justice Saks ruled that appellant could call another witness to testify to the same facts. Plaintiff objected, and after a seeming compromise fell apart, Justice Saks disbanded jury selection, adjourned the case until February 7, 2005, and sent the parties to the trial assignment part to confirm the adjourned date.

The assignment justice questioned the attorneys about what had happened before Justice Saks, and he inquired whether appellant's counsel was ready to proceed. She said she was pre-

pared to proceed, but only pursuant to Judge Saks' ruling that she could call another witness to testify if the case were not adjourned. The assignment justice declined to follow the other justice's ruling, despite appellant's objection that the justice was without jurisdiction to issue a contrary ruling. At that point, the assignment justice, sua sponte, imposed sanctions against appellant for "frivolous conduct," i.e., "the disingenuous statement of readiness for trial."

We reverse. Pursuant to 22 NYCRR 130-1.1, "[t]he court, in its discretion, may award to any party or attorney . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct . . . ." Conduct is considered frivolous if:

"(1) it is completely without merit in law and cannot be supported by a reasonable argument . . . ;

"(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

"(3) it asserts material factual statements that are false." (22 NYCRR 130-1.1 [c].)

To determine whether conduct is frivolous, "the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (id.).

Here, appellant's lawyer had previously notified the witness to be available for trial on December 7. As soon as she learned that the witness was unavailable, she notified the court and opposing counsel. In addition, despite the fact that she had requested an adjournment to proceed to trial with this witness, she nevertheless agreed to continue with a different witness and to pay for deposition costs. Based on the uncontested facts, counsel's actions were neither intentional nor made in bad faith. Moreover, the record does not indicate appellant's counsel knowingly falsely represented anything or intended to delay the litigation (see Council v Duic, 180 AD2d 583 [1992]; see also Reel v College of New Rochelle, 8 AD3d 208 [2004]). Accordingly, we find that the court abused its discretion in imposing sanctions against appellant's counsel.

Although we need not reach defendant's remaining contention in light of our determination, we emphasize our disapproval of the assignment justice's ruling, which directly

contradicted the trial judge's earlier decision, as violative of the "law of the case" doctrine (see *Degliuomini v Degliuomini*, 12 AD3d 634 [2004]; *Gee Tai Chong Realty Corp. v GA Ins. Co. of N.Y.*, 283 AD2d 295 [2001]). Concur—Tom, J.P., Mazzarelli, Friedman, Marlow and Malone, JJ.