■ LAURA SMITH, Respondent, v DONOVAN ANDRE et al., Respondents, and PAUL LIN et al., Appellants. [843 NYS2d 209]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered April 26, 2006, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, reversed, on the law, without costs, the motion granted and the complaint dismissed as against said defendants. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that on January 17, 2003 she sustained seri-

ous injury when she slipped and fell over snow and ice down the entrance staircase located at 19 Willow Place, Yonkers, New York. At the time of the accident, the property was owned by defendants-respondents Andre and Brissette, who purchased it from defendants-appellants Lin and Peterson more than two months prior to the accident.

In opposition to appellants' motion for summary judgment asserting they were no longer the owners of the subject premises and that there was no evidence that they maintained or controlled the premises at the time of the accident, respondents asserted that there was an agreement requiring appellants to keep insurance and their mortgage on the property until respondents secured their own financing and insurance. They also claimed that further discovery was necessary to ascertain whether by virtue of the mortgage appellants still had an interest in the property at the time of the accident. Plaintiff also opposed the motion, claiming that when she advised Lin of her fall, his response was that there was insurance coverage on the property, and based on this conversation, she believed appellants were somehow involved in the maintenance and control of the building at the time of the accident. In reply, appellants argued that their agreement with respondents did not go to the issue of ownership and occupancy and that the transfer of the deed and property to respondents had resolved that issue.

In denying the motion, the motion court ruled that the existence of issues of fact warranted discovery to clarify whether appellants had agreed to maintain insurance on the premises after transfer of ownership. This was error. Further discovery may be permitted where it appears that essential facts supporting the position of an opposing party exist but cannot be stated (CPLR 3212 [f]; *see Baldasano v Bank of N.Y.*, 199 AD2d 184 [1993]). However, the existence of issues of fact as to appellants' obligation to respondents with regard to insurance has no bearing whatsoever on the liability of appellants to plaintiff. The mere hope, expressed by respondents, that evidence sufficient to establish appellants' liability may be obtained during discovery does not fulfill their obligation to demonstrate the likelihood of such disclosure (*see Steinberg v Abdul*, 230 AD2d 633 [1996]; *Jones v Gameray*, 153 AD2d 550 [1989]). Accordingly, that discovery had not been completed was insufficient reason to deny appellants' motion for summary judgment (*see Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026 [1983]).

Contrary to the dissent, we find, as a matter of law, that appellants held no interest in the subject premises at the

time of plaintiff's accident. In addition to the recorded deed, which presumptively establishes appellants' transfer of the premises to respondents long before plaintiff's fall (*see Southern Assoc. v United Brands Co.*, 67 AD2d 199, 202 [1979]), it is undisputed that the accident was the result of a transient condition, not some hazard created by appellants when they owned the building. That appellant had a mortgage on the property is inconsequential since a mortgage "creates no estate in the land, but is merely a lien on the mortgaged premises" (*Becker v McCrea*, 193 NY 423, 426 [1908]; *see also Flyer v Sullivan*, 284 App Div 697, 698 [1954]). Indeed, in their answer, respondents admit that they own, manage, control and maintain the subject premises. Likewise, appellants' agreement to maintain insurance on the property is not indicia of *control* over the property and has no bearing on the liability of appellants to plaintiff. Plaintiff's affidavit in opposition, which relies solely on her conversation with Lin as indicia of control, is insufficient to withstand summary judgment. Accordingly, summary judgment should have been granted to appellants. Concur—Friedman, McGuire and Malone, JJ.

Mazzarelli, J.P., and Andrias, J., dissent in a memorandum by Andrias, J., as follows: Because it cannot be determined, as a matter of law, what interest defendants-appellants had in the subject premises at the time of plaintiff's accident, I would affirm the denial of defendants-appellants' motion for summary judgment dismissing the complaint as against them.

Although a recorded deed presumptively establishes appellants' transfer of the premises to respondents about three months before the accident (*see Southern Assoc. v United Brands Co.*, 67 AD2d 199, 202 [1979]), an issue of fact as to appellants' retention of control (*see Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57, 60 [2006] [liability for dangerous condition on property may only be predicated on occupancy, ownership, control or special use]) is raised by respondents' claim that appellants had agreed to maintain the insurance and mortgage on the premises until respondents obtained a mortgage in their own names. The existence of this issue is further shown by plaintiff's affidavit that the day after the accident she contacted one of defendants-respondents who told her that he had insurance that would cover her injuries and would provide her with the necessary information. Thus, although defendants-appellants may ultimately be entitled to summary judgment, such relief is premature at this point where there has been no discovery regarding the insurance and mortgage in effect at the time of the accident.