■ RENEE McCRAE et al., Respondents-Appellants, v CITY OF NEW YORK et al., Respondents, and KAPLAN, INC., Appellant-Respondent. [843 NYS2d 232]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 30, 2007, which, in an action for personal injuries sustained by infant plaintiff in an assault by other children that occurred outside the front entrance of a school owned and operated by the municipal defendants (collectively the City), shortly after plaintiff left an after-school program run by defendant Kaplan, Inc., denied Kaplan's motion to strike the City's answer pursuant to CPLR 3126, and granted the City's cross motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The Requirements Agreement for Supplemental Services to Eligible Students, entered into between Kaplan and the City, provides that services are to be provided only during nonschool hours, and the Standard Operating Procedures for Schools, part of the City's Extended Use of School Buildings rules with which Kaplan expressly agreed to comply when it executed the Permit Application (for use of) School Buildings, provides that "[o]rganizations using school premises . . . must provide appropriate building security at the main door." This documentary evidence suffices to show, prima facie, that the City was under no duty to provide security at the time of the assault, approximately 5:00 P.M., some two hours after the end of the school day, and place of the assault, outside the school's front entrance. Kaplan's reliance on the Cost of Services provision of Extended Use of Schools Procedure 10/03, as evidence that the City was responsible for providing security the cost of which was to be passed along to Kaplan, is misplaced. Read together with the above documentary evidence, particularly the Security Clearance provision of the Requirements Agreement, the Cost of Services provision does not call for the City's provision of security personnel, but rather obligated Kaplan to reimburse the City for conducting background security checks of any security personnel engaged by Kaplan. Nor is there any evidence that Kaplan ever requested, or that the City ever agreed to provide, security services for Kaplan's program at the school, or that the City ever charged Kaplan for security services. Kaplan's claim that the organizational sheet provided by the City shows that three security personnel were working at the time of the incident is overstated. The sheet shows only that the school had security guards working on the date of the incident, not the time of the incident. In view of the foregoing, it is nothing but "mere hope" for Kaplan and plaintiff to argue that further disclosure might reveal that the City assumed a duty to provide security (*see Steinberg v Abdul*, 230 AD2d 633 [1996]). Accordingly, Kaplan's motion to strike the City's answer was properly denied. Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ.