■ RENEE McCRAE, Individually and as Mother and Natural Guardian of ZACHARY McCRAE, an Infant, et al., Respondent, v CITY OF NEW YORK et al., Respondents, and KAPLAN, INC., Appellant. [880 NYS2d 606]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 22, 2008, which, upon renewal of defendant Kaplan, Inc.'s motion to strike the answer of the municipal defendants (collectively the City) and the City's cross motion for summary judgment dismissing the complaint and all cross claims as against it, adhered to its original determination denying the motion and granting the cross motion, unanimously affirmed, without costs.

As we noted on Kaplan's prior appeal, the documentary evidence establishes prima facie that the City was under no duty to provide security at the time and place of the incident (44 AD3d 370 [2007]). Kaplan's argument that the documentary evidence is ambiguous was improperly raised for the first time on its motion to renew, and we decline to consider it (*see Matter of Weinberg*, 132 AD2d 190, 210 [1987], *lv dismissed* 71 NY2d 994 [1988]). Were we to consider the argument, we would reject it. As we noted on the prior appeal, the Cost of Services provision of the Extended Use of Schools Procedure did not require the City to provide security personnel to be paid for by Kaplan but rather required Kaplan to reimburse the City for performing background security checks of security personnel hired by Kaplan. The new evidence Kaplan submitted on its motion to renew fails to show that the City made any promises or engaged in any actions that would raise an issue of fact whether it assumed a duty to provide security at the time and place of the incident (*see Cuffy v City of New York*, 69 NY2d 255, 260-261 [1987]).

Kaplan failed to establish that the City's noncompliance with discovery requests and four discovery orders was willful, contumacious or in bad faith (*see Guzetti v City of New York*, 32 AD3d 234 [2006]; *Simpson v Sinha*, 246 AD2d 361 [1998]). The City substantially complied with court-ordered discovery

requirements. Nor are costs and sanctions warranted since the record does not indicate that the City made false or meritless arguments or deliberately prolonged the action (see *Llantin v Doe*, 30 AD3d 292 [2006]). Concur—Tom, J.P., Catterson, Moskowitz and Renwick, JJ.