In the Matter of the Estate of MARTHA BREISTOL, Also Known as MARTHA BRISTOL, Deceased. ROBERT E. WHITE, as Executor of MARTHA BREISTOL, Also Known as MARTHA BRISTOL, Deceased, Appellant; CHRISTOPHER J. FUST, Respondent. (And Another Related Proceeding.) [883 NYS2d 799]—

Rose, J.P. Appeals (1) from a decree of the Surrogate's Court of Essex County (Meyer, S.), entered April 16, 2008, which, in a proceeding pursuant to SCPA 2103, among other things, adjudged that certain personal property was not an asset of the estate, and (2) from a decree of said court, entered October 24, 2008, which sanctioned petitioner for frivolous conduct.

Martha Breistol died after she was bequeathed a motorcycle under the will of Valentine Fust, who had predeceased her. When respondent, Fust's nephew, presented a certificate of title and claimed ownership of the motorcycle, petitioner commenced this proceeding to have the motorcycle included in Breistol's estate. After a nonjury trial, Surrogate's Court found that respondent was the rightful owner. Later, upon respondent's application for an award of counsel fees pursuant to SCPA 2110, the court found that such an award could not be made under that statute. Nonetheless, the court found, sua sponte, that petitioner's challenge to respondent's ownership of the motorcycle was frivolous under 22 NYCRR 130-1.1 (c) and awarded costs equal to the counsel fees that respondent had incurred. Petitioner appeals from both decrees.

" 'Although this Court in a nonjury trial is not limited to

determining whether the findings of the trial court are supported by the weight of the credible evidence, deference will still be given to the trial court's assessment of credibility issues' " (*Matter of Saxton*, 274 AD2d 110, 118 [2000], quoting *J & J Structures v Callanan Indus.*, 215 AD2d 890, 891 [1995], *lv denied* 86 NY2d 708 [1995]). At the trial here, petitioner testified to his investigation of respondent's claim to the motorcycle and presented evidence that although the certificate of title indicates that the motorcycle was transferred from Kevin Bartel to respondent, it was actually sold by Bartel to Fust. He also testified that there was no bill of sale or other document reflecting a sale from Fust to respondent, that Bartel's signature had been forged on a Department of Motor Vehicles form, and that respondent's claim of having reached an oral agreement with Fust and paid a cash deposit of $2,000 to purchase the motorcycle was inconsistent with Fust's later bequest of the motorcycle to Breistol. In response, respondent relied upon the certificate of title executed by Bartel which showed respondent to be the titled owner, and he testified that he had paid the balance due in cash and received the certificate of title and other paperwork from Fust after the latter's execution of the will bequeathing it to Breistol. As for the certificate of title's omission of Fust's signature and the alleged forgery, Bartel—who was petitioner's witness—testified that Fust was a dealer who likely never signed the certificate as buyer in order to facilitate a later transfer to his own buyer, and that this had been Fust's practice in other transactions.

As a result of the inconsistent documentary evidence and the parties' opposing explanations, the determination of whether a sale to respondent occurred hinges upon the credibility determination of Surrogate's Court and the rebuttable presumption of respondent's ownership created by the certificate of title (*see* Vehicle and Traffic Law § 2108 [c]; *Gaeta v Morgan*, 178 AD2d 732, 735 [1991]). Since the court's assessment of respondent's credibility was reached upon a fair interpretation of the evidence (*see New York Tel. Co. v Harrison & Burrowes Bridge Contrs.*, 3 AD3d 606, 608 [2004]; *Matter of Zielinski*, 208 AD2d 275, 279 [1995], *lv dismissed* 87 NY2d 944 [1996]), we will not disturb its conclusion that petitioner failed to rebut the presumption that respondent was the owner of the motorcycle.

As for petitioner's contention that respondent's testimony in support of his claim that he purchased the motorcycle from Fust violated the Dead Man's Statute (*see* CPLR 4519), petitioner himself testified regarding the documentary evidence and Fust's actions in his attempt to dispute the alleged sale of

the motorcycle to respondent. In our view, this testimony and that adduced by petitioner from Bartel effectively waived the protection of CPLR 4519 and he could not thereafter prevent respondent from testifying as to the same transaction, "for to do so would give the estate an unfair advantage not intended by the statute" (*Matter of Wood*, 52 NY2d 139, 145 [1981]; *see Estate of Goth v Tremble*, 59 AD3d 839, 841 [2009]).

Turning to petitioner's contention that costs were improperly awarded against the estate for frivolous conduct, we agree that Surrogate's Court abused its discretion in imposing a sanction pursuant to 22 NYCRR 130-1.1. In considering whether specific conduct is frivolous, courts are required to examine "whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent" (22 NYCRR 130-1.1 [c]). Inasmuch as the determination of ownership of the motorcycle here largely turned upon the court's credibility determinations, the lack of a factual basis for petitioner's position did not become apparent until trial and, thus, petitioner's prosecution of the estate's claim to the motorcycle cannot be considered frivolous (*see Llantin v Doe*, 30 AD3d 292, 293 [2006]; *LMK Psychological Servs., P.C. v Liberty Mut. Ins. Co.*, 30 AD3d 727, 729 [2006]; *cf. Navin v Mosquera*, 30 AD3d 883, 884 [2006]). In addition, there is no indication in the record that, once the court decided to consider sanctions, petitioner was afforded an opportunity to be heard on that issue (*see* 22 NYCRR 130-1.1 [d]; *Kovach v Hurlburt*, 267 AD2d 824, 825 [1999]; *compare Matter of Marsh*, 207 AD2d 749 [1994]).

Finally, despite respondent's urging, and given the closeness of the credibility issue involved, we do not consider petitioner's prosecution of these appeals to be frivolous so as to warrant the award of further costs.

Kane, Kavanagh and Garry, JJ., concur. Ordered that the decree entered April 16, 2008 is affirmed, without costs. Ordered that the decree entered October 24, 2008 is modified, on the law, without costs, by reversing so much thereof as imposed a sanction for petitioner's conduct, and, as so modified, affirmed.