■ RENARDO CARNEY et al., Respondents, v ALPHONSO GIL et al., Defendants, and KONDAUR CAPITAL CORPORATION, Appellant. [6 NYS3d 3]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 17, 2013, which denied defendant Kondaur Capital Corporation's motion for a default judgment on its counterclaims, unanimously affirmed, without costs.

The motion court properly found plaintiffs' excuse for their delay in replying to Kondaur's counterclaims and their statement of merit sufficient (*see e.g. Navarro v A. Trenkman Estate, Inc.*, 279 AD2d 257, 258 [1st Dept 2001]). That plaintiffs' excuse was not as detailed as Kondaur wished does not alter our conclusion (*see Mediavilla v Gurman*, 272 AD2d 146, 148 [1st Dept 2000]). As the court noted, it is "the strong public policy of this State that matters be decided on their merits" (*Navarro*, 279 AD2d at 258).

The first and second counterclaims seek a declaration that Kondaur's mortgage is a valid first lien against 302 Alexander Avenue. Relying on Real Property Law § 266, Kondaur contends that it was a good faith mortgagee for value and that the deceased John Carney (whose estate is a defendant) had the authority to mortgage the property. However, "a bona fide encumbrancer is only protected when the challenged conveyance is voidable, not when it is void" (*Solar Line, Universal*

*Great Bhd., Inc. v Prado*, 100 AD3d 862, 864 [2d Dept 2012]; *see also LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 599-600 [2d Dept 2007]). The complaint, now verified by plaintiff Renardo Carney, sets forth a meritorious defense to these counterclaims by alleging that the transfer of the property from Carney Holdings, LLC (Holdings) to John Carney and defendant David Strause (guarantors of the mortgage later assigned to Kondaur) was invalid because it did not have the written approval of all of Holdings's members, as required by Holdings's operating agreement. Moreover, contrary to Kondaur's contention, the court did not determine whether the assignor of the mortgage knew of the alleged fraud or of "facts that would have led a reasonable mortgagee to make inquiry of the possible fraud at the time the mortgage was entered into" (*see JP Morgan Chase Bank v Munoz*, 85 AD3d 1124, 1126 [2d Dept 2011]).

The third counterclaim seeks an equitable mortgage lien under principles of equitable subrogation. However, there was no unknown, intervening mortgage on 302 Alexander Avenue (*see King v Pelkofski*, 20 NY2d 326, 333-334 [1967]).

The fourth counterclaim seeks an equitable mortgage lien against 75% of 302 Alexander Avenue on the theory that defendants Strause and Alphonso Gil, and John Carney, each own or owned 25% of Holdings, which owned 302 Alexander Avenue. However, the complaint (again, now properly verified) implies that Gil tricked John Carney into creating Holdings and transferring his properties into it. It also raises questions as to whether Gil and Strause were unjustly enriched by obtaining 50% of Holdings.

We have considered Kondaur's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ.