Bank of Am., N.A. v Adolphus (2019 NY Slip Op 08370)





Bank of Am., N.A. v Adolphus


2019 NY Slip Op 08370


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10376 304320/14

[*1] Bank of America, N.A., Plaintiff-Respondent,
v
Kenneth Adolphus, Defendant-Appellant.


Solomon Zabrowsky, New York, for appellant.
Fidelity National Law Group, New York (Terence D. Watson of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 20, 2018, which granted plaintiff's motion for summary judgment declaring that it holds a valid and enforceable mortgage lien on the subject property in the original principle amount of $360,000, unanimously affirmed, without costs.
Plaintiff sufficiently established the chain of title to the subject premises through its affidavits and records from the Automated City Register Information System (see Fan-Dorf Props., Inc. v Classic Brownstones Unlimited, LLC, 103 AD3d 589, 590 [1st Dept 2013]).
Defendant failed to raise an issue of fact as to whether plaintiff was on notice of any alleged fraud in the prior conveyances of the property. Given that defendant had sought no discovery prior to the note of issue and could not articulate a basis for why relevant evidence existed in support of any defense, he was not entitled to further discovery (see Smith v Andre, 43 AD3d 770, 771 [1st Dept 2007]).
Furthermore, since there was no issue of fact as to plaintiff's notice of fraudulent inducement, defendant was required to raise an issue of fact as to fraud in the factum with regard to the conveyances at issue. This involves forgery, or fraud with regard to the effect of the actual document being signed (see Carney v Gil, 125 AD3d 559, 559-560 [1st Dept 2015]; Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d 862, 863—864 [2d Dept 2012]; Wells Fargo Bank, NA v Edsall, 22 Misc 3d 1113[A], 2009 NY Slip Op 50112[U] [Sup Ct, Suffolk County 2009]). Here, there was no allegation of any such fraud in the factum.
Plaintiff's claims were not barred by res judicata. Plaintiff was not a party to the prior proceedings and as such, did not have a full and fair opportunity to litigate the claims asserted in defendant's prior action (compare Marx v Mack Affiliates, 265 AD2d 202 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK