361 Broadway Assoc. Holdings, LLC v Morales (2021 NY Slip Op 03806)





361 Broadway Assoc. Holdings, LLC v Morales


2021 NY Slip Op 03806


Decided on June 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 15, 2021

Before: Renwick, J.P., Kern, Singh, Moulton, JJ. 


Index No. 151711/18 Appeal No. 14057 Case No. 2020-01571 

[*1]361 Broadway Associates Holdings, LLC, Plaintiff-Respondent,
v
Javier Morales, Defendant-Appellant.


Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for appellant.
Starr Associates LLP, New York (David William Tyler of counsel), for respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about January 13, 2020, which granted plaintiff's motion for summary judgment on its causes of action and dismissing defendant's affirmative defenses and counterclaims, unanimously affirmed, without costs.
Plaintiff condominium developer and sponsor of a residential building commenced this action alleging that defendant purchaser breached the Option Agreement by failing to timely close, and as a result, plaintiff is entitled to the $1.49 million deposit as liquidated damages. Plaintiff seller met its initial burden by presenting evidence of the agreement and that it was ready, willing, and able to close on the properly notified closing date of December 14, 2017. The Option Agreement expressly provided that if defendant defaulted and ultimately failed to close, plaintiff was entitled to keep the deposit.
The burden having shifted, defendant buyer then failed to raise triable issues of fact. Defendant asserted affirmative defenses of equitable estoppel and promissory estoppel and counterclaims alleging fraudulent inducement and promissory estoppel. However, plaintiff's statements to him after several delays that the building was down to its last inspections and that plaintiff expected to receive a temporary certificate of occupancy (TCO) from the Department of Buildings "imminently" and would be able to close shortly thereafter are not misrepresentations of fact but opinions or predictions (see Marx v Mack Affiliates , 265 AD2d 202, 203 [1st Dept 1999]; Jobe v Akowchek , 259 AD2d 735, 736 [2d Dept 1999]).
Moreover, defendant failed to show justifiable reliance upon these statements. During the rescission period in January 2017, the project was already running 20 months behind the schedule set forth in the Offering Plan, and defendant's closing date had already been adjourned once from December 2016 to February 2017 before the right of rescission arose. However, during the rescission period, defendant did not express any hesitation to close and did not invoke his claimed right of rescission when the closing was adjourned without date in February 2017 or when the contractor was changed in March 2017 or when the closing was set for December 7, 2017. He waited until after the closing date had passed to express any desire to rescind the Option Agreement.
Defendant's argument that discovery is necessary is unavailing. The discovery he identified concerns plaintiff's knowledge of the status of construction and the TCO, which would not alter the statements that defendant alleges are misrepresentations or change his own actions that he claims demonstrate justifiable reliance. Furthermore, the alleged factual issues raised by defendant are immaterial as they do not rebut plaintiff's prima facie showing or demonstrate a need for further inquiry into his defenses or counterclaims.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, [*2]FIRST DEPARTMENT.
ENTERED: June 15, 2021