Amex Dev., LLC v Aljohn Group, Inc. (2022 NY Slip Op 05824)

Amex Dev., LLC v Aljohn Group, Inc.

2022 NY Slip Op 05824

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-05579
 (Index No. 7082/13)

[*1]Amex Development, LLC, appellant,
v
Aljohn Group, Inc., et al., respondents.

Law Offices of Bing Li, LLC, New York, NY, for appellant.

DECISION & ORDER
In an action to recover damages for fraud and forgery, to impose a constructive trust, and to quiet title, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated March 8, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim and affirmative defenses of the defendant Edwina Kerr Johnson and, in effect, for summary judgment on its quiet title cause of action, denied that branch of the plaintiff's separate motion which was for summary judgment dismissing the counterclaim of the defendant Allan Johnson and, in effect, for summary judgment on its quiet title cause of action, and, in effect, denied that branch of the plaintiff's separate motion which was for summary judgment dismissing the counterclaims of the defendants Aljohn Group, Inc., and Andy Alege and, in effect, for summary judgment on its quiet title cause of action.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim of the defendant Allan Johnson, and substituting therefor a provision granting that branch of that motion, and (2) by deleting the provision thereof, in effect, denying that branch of the plaintiff's separate motion which was for summary judgment dismissing the counterclaims of the defendants Aljohn Group, Inc., and Andy Alege, and substituting therefor a provision granting that branch of that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2013, the plaintiff, Amex Development, LLC, commenced this action against the defendant Aljohn Group, Inc. (hereinafter Aljohn), to recover damages for fraud and forgery, to impose a constructive trust, and to quiet title to certain real property, located in Brooklyn. In a prior appeal, this Court held, inter alia, that the Supreme Court had properly denied those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover damages for forgery, to impose a constructive trust, and to quiet title (see Amex Dev., LLC v Aljohn Group, Inc., 134 AD3d 865, 866). While that appeal was pending, the plaintiff filed an amended complaint which added Allan Johnson (hereinafter Johnson), Edwina Kerr Johnson (hereinafter Kerr Johnson), and Andy Alege, as defendants. The amended complaint alleged that the plaintiff purchased the subject property from Aljohn on September 11, 2009, for the sum of $323,000, that on September 24, 2009, the plaintiff recorded a deed conveying title to the property from Aljohn to the plaintiff (hereinafter the 2009 deed), and that on March 12, 2013, Aljohn recorded a deed purporting to convey title to the property from the plaintiff back to Aljohn (hereinafter the 2013 deed). The amended complaint further alleged that the 2013 deed was executed by Alege on behalf of the [*2]plaintiff, but that Alege was a principal of Aljohn and had no authority to convey title to the property on behalf of the plaintiff.
Aljohn, Alege, Johnson, and Kerr Johnson each filed separate answers to the amended complaint. In their answers, Aljohn and Alege each asserted a counterclaim alleging breach of contract, alleging, in effect, that the plaintiff breached a joint venture agreement dated June 19, 2009 (hereinafter the first joint venture agreement). They annexed to their answers a copy of the first joint venture agreement, which stated that it was an agreement between Aljohn, Alege, Johnson, and nonparty Hsu Associates, LLC (hereinafter Hsu), to form a joint venture for the purpose of selling the subject property. The first joint venture agreement stated that the name of the joint venture would be Amex Development, LLC—the plaintiff. The first joint venture agreement was signed on behalf of Aljohn by Alege, Johnson, and Kerr Johnson.
In his answer, Johnson alleged that the plaintiff breached a joint venture agreement dated June 23, 2009 (hereinafter the second joint venture agreement). In her answer, Kerr Johnson asserted a counterclaim seeking to quiet title to the subject property, alleging that the 2009 deed had been executed by Alege on behalf of Aljohn, but that Alege had no authority to convey title to the property on behalf of Aljohn.
In October 2018, Kerr Johnson moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against her. In support of her motion she submitted, among other things, a copy of the second joint venture agreement. The second joint venture agreement stated that it was an agreement between Aljohn, Johnson, and Hsu, to form a joint venture for the purpose of selling the subject property. The second joint venture agreement stated that the name of the joint venture would be Amex Development, LLC—the plaintiff. Johnson signed the second joint venture agreement on his own behalf, and Alege and Kerr Johnson signed the second joint venture agreement on behalf of Aljohn. Kerr Johnson further submitted a copy of the 2009 deed, which conveyed title to the subject property from Aljohn to the plaintiff. The 2009 deed is signed by Alege on behalf of Aljohn. Kerr Johnson also submitted a copy of the 2013 deed, which conveyed title to the subject property from the plaintiff back to Aljohn. The 2013 deed is also signed by Alege, this time on behalf of the plaintiff.
In opposition to the motion, the plaintiff submitted, inter alia, Alege's deposition transcript in which he testified that he owned 50 percent of Aljohn, and that Johnson and Kerr Johnson together owned the other 50 percent. Alege also testified that Aljohn was formed for the sole purpose of selling the subject property. In reply, Kerr Johnson submitted her own affidavit, in which she stated that Alege was never authorized to sell the property on behalf of Aljohn.
While Kerr Johnson's motion was pending, the plaintiff moved, inter alia, for summary judgment dismissing Kerr Johnson's counterclaim and affirmative defenses. The plaintiff also, in effect, sought summary judgment on its quiet title cause of action. The plaintiff separately moved, inter alia, for summary judgment dismissing Johnson's counterclaim and affirmative defenses and, in effect, for summary judgment on its quiet title cause of action. Finally, the plaintiff separately moved, inter alia, for summary judgment dismissing the counterclaims and affirmative defenses of Aljohn and Alege and, in effect, for summary judgment on its quiet title cause of action. In all three motions the plaintiff relied, inter alia, on the evidence that it had submitted in opposition to Kerr Johnson's motion.
In an order dated March 8, 2019, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was for summary judgment dismissing Kerr Johnson's counterclaim and affirmative defenses and, in effect, for summary judgment on its quiet title cause of action, denied that branch of the plaintiff's separate motion which was for summary judgment dismissing Johnson's counterclaim and affirmative defenses and, in effect, for summary judgment on its quiet title cause of action, and, in effect, denied that branch of the plaintiff's separate motion which was for summary judgment dismissing the counterclaims and affirmative defenses of Aljohn and Alege and, in effect, for summary judgment on its quiet title cause of action. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing Kerr Johnson's counterclaim and affirmative defenses, and those branches of its motions which were, in effect, for summary judgment on its quite title cause of action. "To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as a deed or other instrument, that is actually invalid or inoperative" (Carbone v Deutsche Bank Nat. Trust Co., 145 AD3d 848, 849). Here, although the plaintiff established that the 2009 deed conveying title to the subject property from Aljohn to the plaintiff was not a forgery, the plaintiff failed to eliminate triable issues of fact as to whether Alege had actual or apparent authority to convey title to the subject property—Aljohn's sole asset—on behalf of Aljohn (see Business Corporation Law § 909; cf. Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d 986). The joint venture agreements submitted into evidence were signed by both Alege and Kerr Johnson on behalf of Aljohn, and thus failed to demonstrate that Alege had actual or apparent authority to bind Aljohn without Kerr Johnson (cf. Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d 986). Contrary to the plaintiff's contention, Alege's alleged lack of authority to sell the property is a valid defense to the plaintiff's contention that it was a bona fide purchaser pursuant to Real Property Law § 266 (see Carney v Gil, 125 AD3d 559, 560).
However, as to those branches of the plaintiff's motions which were for summary judgment dismissing the counterclaims of Aljohn, Alege, and Johnson, "[a] party seeking summary judgment bears the initial burden of demonstrating its prima facie entitlement to the requested relief," and this rule applies "equally to summary judgment motions directed to counterclaims" (Agulnick v Agulnick, 191 AD3d 12, 16). Here, the plaintiff, as the moving party seeking to dismiss the counterclaims, had the burden in the first instance of "presenting evidentiary facts showing that [the] defendant[s] [did] not have a meritorious cause of action" (Kasinski v Questel, 99 AD2d 396, 398).
Aljohn's answer asserted that Aljohn owned a 55 percent interest in the plaintiff pursuant to the first joint venture agreement, and Aljohn's counterclaim alleged, in effect, that the plaintiff breached that joint venture agreement. Alege's answer asserted that Alege is a member of the plaintiff pursuant to the first joint venture agreement, and Alege's counterclaim alleged, in effect, that the plaintiff breached that joint venture agreement. Johnson's answer asserted that Johnson is a member of the plaintiff pursuant to the second joint venture agreement, and Johnson's counterclaim alleged, in effect, that the plaintiff breached that joint venture agreement. The plaintiff correctly notes that the first joint venture agreement was superseded by the second joint venture agreement (see generally Hyuncheol Hwang v Mirae Asset Sec. [USA] Inc., 165 AD3d 413, 413-414). In any event, although both joint venture agreements created the plaintiff as the joint venture, the plaintiff itself was not a party to those contracts, and thus the plaintiff established, prima facie, that neither Aljohn, nor Alege, nor Johnson had a meritorious cause of action sounding in breach of contract against the plaintiff (see Bartsch v Bartsch, 54 AD2d 940, 941). Neither Aljohn, nor Alege, nor Johnson raised a triable issue of fact in opposition.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motions which were for summary judgment dismissing the counterclaims of Aljohn, Alege, and Johnson.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court