Tema v Tema (2024 NY Slip Op 02720)

Tema v Tema

2024 NY Slip Op 02720

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-09561
 (Index No. 723819/20)

[*1]Faustin Tema, etc., respondent, 
v
Chantal Tema, etc., et al., defendants, Phil Kamaras, appellant.

Wood Smith Henning & Berman LLP, New York, NY (John T. Cofresi and Meghan A. Hook of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to enforce a stipulation of settlement, the defendant Phil Kamaras appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 7, 2021. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Phil Kamaras for summary judgment dismissing the complaint insofar as asserted against him is granted.
The plaintiff, as executor of the estate of Walner Tema (hereinafter Walner), commenced this action in December 2020, inter alia, "to enforce [a] Stipulation of Settlement" (hereinafter the stipulation) dated January 29, 2015, entered into by Walner and the defendant Chantal Tema (hereinafter Chantal), which was incorporated but not merged into Walner and Chantal's judgment of divorce that was entered in or about June 2015. The complaint alleged, among other things, that Chantal breached the stipulation by failing to execute documents to transfer title to the former marital residence to Walner after Walner paid Chantal $200,000 as her equitable share of the marital assets and that Chantal further breached the stipulation by refinancing the mortgage on the former marital residence and transferring title to herself and the defendants Winnie Tema and Handy Tema. The complaint further alleged that the defendant Phil Kamaras was an attorney for Chantal who was "entrusted with the settlement funds to be delivered to [Chantal] upon full compliance with the terms of the" stipulation and who was "to ensure that prior to the release of those funds to Chantal . . . that the title transfer documents were properly executed and returned" to Walner's counsel. The complaint sought, among other things, to hold Chantal in contempt and to recover damages from Kamaras.
After issue was joined, Kamaras moved for summary judgment dismissing the complaint insofar as asserted against him, on the ground that it failed to state a cognizable cause of action against him. Kamaras contended, among other things, that the stipulation did not obligate him to perform an act or refrain from doing an act and that he was not bound by the stipulation and therefore could not have violated its provisions. Kamaras contended that he had no involvement in Walner and Chantal's divorce action and that his only connection to the events giving rise to the instant action stemmed from a brief period in or around July 2016, when he and his former law firm represented Chantal for the purpose of demanding payment from Walner pursuant to the terms of [*2]the stipulation.
In support of his motion, Kamaras submitted, among other things, a certified transcript of a court proceeding held on January 29, 2015, during which the terms of the stipulation were placed on the record. The transcript reflected that, at the time the stipulation was entered, Walner was represented by the defendant Joel Hashinsky and Chantal was represented by Annie Ma of the law firm Jacoby & Meyers. Pursuant to the stipulation, Walner agreed, among other things, to pay Chantal $200,000 no later than March 30, 2015, as her share of equitable distribution of all of the marital assets and to refinance the mortgage on the former marital residence "with the intention of taking [Chantal's] name off of the mortgage," and Chantal agreed to transfer title to the former marital residence to Walner. The stipulation further provided that Walner's attorney would prepare a quitclaim deed and other documents to effectuate the transfer of title of the former marital residence and would hold these documents in escrow "until the refinance closing."
The plaintiff opposed Kamaras's motion for summary judgment, contending, among other things, that Kamaras knew of the stipulation and its terms and that Kamaras had a "duty" to "have [Chantal] execute the transfer documents to the marital property and return same to [Walner's counsel]." By order entered December 7, 2021, the Supreme Court denied Kamaras's motion. Kamaras appeals.
"'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation'" (Del Vecchio v Del Vecchio, 219 AD3d 572, 575, quoting Zuchowski v Zuchowski, 85 AD3d 777, 778 [internal quotation marks omitted]; see Sacks v Sacks, 220 AD2d 736, 737). "It is well-settled law that parties to a contract cannot, under its terms, impose any liability upon a stranger to that contract" (Bartsch v Bartsch, 54 AD2d 940, 941). "One cannot be held liable under a contract to which he or she is not a party" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965; see Pinkesz Mut. Holdings, LLC v Pinkesz, 198 AD3d 693, 697).
Here, Kamaras demonstrated his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by demonstrating that he was not a party to the stipulation and had not assumed any obligations under the stipulation (see Amex Dev., LLC v Aljohn Group, Inc., 209 AD3d 808, 812; Starr v Akdeniz, 162 AD3d 948, 949; Moezinia v Ashkenazi, 105 AD3d 920, 921). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted Kamaras's motion for summary judgment dismissing the complaint insofar as asserted against him.
Kamaras's remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court