■ KEMAL SONMEZ et al., Appellants, v WORLD ON COLUMBUS, INC., et al., Respondents and Third-Party Plaintiffs-Respondents. LCK RESTAURANT GROUP, INC., Third-Party Defendant-Appellant. [689 NYS2d 505] —Appeal from judgment, Supreme Court, New York County (Emily Goodman, J.), entered June 29, 1998, which granted the motion of defendants to strike the Sonmez's complaint and the answer of the third-party defendant, and dismissed said pleadings with prejudice, deemed to be an appeal from the judgment entered thereon on August 21, 1998, and so considered, the judgment is unanimously affirmed, with costs.

The Sonmez's complaint and the answer of third-party defendant LCK Restaurant Group, Inc., an entity controlled by plaintiff Kemal Sonmez, were properly struck pursuant to CPLR 3126 by reason of Kemal Sonmez's deliberate destruction of financial records crucial to the defense of the action (*see*, *Hyosung [Am.] v Woodcrest Fabrics*, 106 AD2d 298, *appeal dismissed* 64 NY2d 934). Also supportive of the motion court's determination to strike the pleadings was Kemal Sonmez's evidently willful refusal to produce other relevant records demanded by defendants and his failure to respond to questions regarding his stock ownership in World on Columbus, Inc., the corporation on behalf of which he purported to sue (*see*, *Ricco v Deepdale Gardens Apts. Corp.*, 113 AD2d 822). Plaintiffs were not entitled to a fact-finding hearing to determine the nature of documents they wrongfully discarded. Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID STAFFORD, Appellant. [689 NYS2d 393] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered April 20, 1995, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

The hearing court properly exercised its discretion in permitting the prosecutor to cross-examine defendant concerning matters not covered in his direct examination, since these subjects were relevant to defendant's credibility as well as other issues raised at the hearing (*see*, *People v Tice*, 131 NY 651; *People v Uscange*, 186 AD2d 22, *lv denied* 80 NY2d 1030). Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.