■ EDWIN NAVIN et al., Appellants, v RUEBEN M. MOSQUERA et al., Respondents. [809 NYS2d 257]—

Kane, J. Appeal from an order of the Supreme Court (McGill, J.), entered September 13, 2004 in Clinton County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

The parties own adjoining land in the Town of Saranac, Clinton County. Both parties' properties were originally part of the same parcel owned by a common grantor. Defendants' property does not have any public road frontage. When defendants purchased their property, their deed granted them one right-of-way and a separate document granted them a second right-of-way from the original owner of the large common parcel. The second right-of-way more closely described an unimproved road leading from the public road to a bridge over a brook onto defendants' property and generally runs parallel to the first. Several years later, plaintiffs purchased their property, which is the servient parcel to the two rights-of-way.

The old wooden bridge leading to defendants' property fell into disrepair and, consequently, into disuse. After some years passed, defendants finally removed the old bridge and replaced it with a sturdy bridge made of concrete and metal. At that point, plaintiffs roped off the end of the bridge on their property. Plaintiffs commenced this RPAPL 871 action alleging that the new bridge encroached on their property. They sought an injunction to prevent defendants from using or maintaining the bridge, and to remove any encroachments. Defendants counterclaimed under RPAPL article 15 for declaratory and injunctive relief establishing the validity of their rights-of-way, and for damages for trespass. Supreme Court granted defendants' mo-

tion for summary judgment dismissing plaintiffs' complaint, awarded defendants nominal damages for plaintiffs' trespass, issued a declaration that defendants enjoyed two rights-of-way and defined those rights-of-way. Plaintiffs appeal.

Supreme Court properly granted defendants' motion for summary judgment and issued a declaration regarding the existence of two rights-of-way. The documentary evidence established that defendants were expressly granted two rights-of-way, both came from the same chain of title, both appeared in an abstract of title to plaintiffs' property, both were granted prior to the time that plaintiffs took title to the servient property, defendants did not give up the first right-of-way when receiving the second and the two rights-of-way did not merge. The rights-of-way led to the bridge accessing defendants' parcel. Those rights were granted "for all legal purposes," including "vehicular ingress and egress" to defendants' parcel on the far side of a brook, which necessarily implied a right to maintain and repair the bridge within those rights-of-way (cf. *Higgins v Douglas,* 304 AD2d 1051, 1055 [2003] [installation of dock was reasonable use incidental to purpose of easement to access lake for recreational purposes]; *Mohawk Paper Mills v Colaruotolo,* 256 AD2d 924, 925 [1998]; *Briggs v Di Donna,* 176 AD2d 1105, 1107 [1991]; *see* 5 Warren's Weed, New York Real Property, Easements § 40.70 [1] [5th ed]). Thus, defendants were entitled to a declaration that they have valid use of the two rights-of-way as shown on their surveyor's map.

Supreme Court properly found that defendants did not abandon the rights-of-way. Defendants' RPAPL article 15 counterclaim required the court to determine the validity of the rights-of-way, and such rights were only valid if they were not abandoned. As nonuse alone is insufficient to prove abandonment of a right created by grant, plaintiffs were required to provide clear and convincing proof that defendants intended to abandon their rights-of-way (*see Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d 35, 39 [1986]; *B.J. 96 Corp. v Mester,* 222 AD2d 798, 800 [1995]; *Koshian v Kirchner,* 139 AD2d 942, 942-943 [1988]).* The proof here showed that defendants only stopped driving on the bridge, and thus the rights-of-way leading to that bridge, when it fell into disrepair

* Despite plaintiffs' statement that they reserved their right to address defendants' abandonment after this appeal, they were required to address this topic in connection with the present motions. The final judgment in an RPAPL article 15 action must declare that the nonprevailing party is barred from any future assertions of claims to the property rights determined in that action (*see* RPAPL 1521).

and was unsafe for vehicular traffic. Defendants averred that they continued to walk over the rights-of-way after the bridge was unsafe to drive across. Plaintiffs contend that defendants stated that they no longer used the rights-of-way when they could not drive on the bridge. The submissions were insufficient to clearly and convincingly establish that defendants intended to abandon their rights-of-way. In fact, defendants' intention not to abandon was evinced by the construction of a new bridge in the same location as the old bridge. Hence, the court correctly determined that defendants did not abandon their rights-of-way.

While plaintiffs' appeal lacked merit, sanctions are not warranted because we do not find the appeal wholly frivolous.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.