Edwin Navin et al., Appellants, v Rueben M. Mosquera et al., Respondents. [817 NYS2d 705]—

Kane, J. Appeals (1) from an order of the Supreme Court (McGill, J.), entered June 8, 2005 in Clinton County, which granted defendants' motion for, inter alia, counsel fees, and (2) from the judgment entered thereon.

The parties own adjoining land in the Town of Saranac, Clinton County. Defendants replaced a bridge leading to their landlocked parcel on the far side of a brook, with the near side connected to plaintiffs' property over which defendants have a right-of-way. Plaintiffs commenced an RPAPL 871 action alleging that the new bridge encroached on their property. They sought an injunction preventing defendants from using or maintaining the bridge, and removal of any encroachments. Defendants counterclaimed under RPAPL article 15 for declaratory and injunctive relief establishing the validity of two rights-of-way over plaintiffs' property, and for damages for trespass. Supreme Court granted defendants' motion for summary judgment dismissing plaintiffs' complaint, awarded defendants nominal damages for plaintiffs' trespass and issued a declaration that defendants enjoyed two rights-of-way. We affirmed that decision (26 AD3d 556 [2006]). Supreme Court originally reserved decision on defendants' motion for sanctions. After holding a hearing on the issue of whether plaintiffs' conduct was frivolous and thus merited sanctions, the court granted the motion and entered a judgment of $8,993 in defendants' favor, representing defendants' actual expenses for litigation costs and counsel fees in this matter. Plaintiffs appeal.

Plaintiffs' conduct in continuing their RPAPL 871 claim was frivolous. Courts may impose reasonable costs or sanctions for frivolous conduct, namely conduct which "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]; see Citibank [S.D.] v Alotta, 277 AD2d 547, 548-549 [2000]). In considering whether specific conduct is frivolous, courts are required to examine "whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent" (22 NYCRR 130-1.1 [c]). Awards of sanctions should not be disturbed absent an

abuse of discretion (*see First Deposit Natl. Bank v Van Allen*, 277 AD2d 858, 860 [2000]).

Although plaintiffs' complaint was not frivolous when it was filed, their continued pursuit of their claim became frivolous as the action progressed. New survey maps completed after the action began, including plaintiffs' own surveyor's map, showed that encroachment of defendants' bridge upon their property was nonexistent, or at best so insignificant as to render their continued litigation indefensible. Additionally, plaintiffs admit that their attorney recommended that they withdraw their complaint, at which point plaintiffs terminated counsel and have since proceeded pro se. Thus, Supreme Court appropriately determined that plaintiffs' conduct was frivolous in continuing to prosecute their complaint after it was apparent that there was no factual or legal basis to support that complaint.

The discussion does not end there, however. While plaintiffs' continued prosecution of their own claim was frivolous, their defense of defendants' counterclaim was not (*see* 26 AD3d 556, 558 [2006], *supra*). Defendants prevailed on their counterclaim and received a valuable declaration establishing boundaries to two rights-of-way, thus clarifying title to their property rights. One of the two rights-of-way was described in a deed to defendants only as a way previously used for access to defendants' property. Locating and identifying this right-of-way by a filed map pursuant to the RPAPL article 15 matter enhanced the value of defendants' property. Defendants should not be entitled to collect litigation expenses associated with their own claims. Because the title issues from the complaint and counterclaim were inextricably intertwined, we find that any monetary sanction would be inappropriate.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order and judgment are reversed, on the law, without costs, and motion denied.