GEORGE EAGAN GINTHER, Appellant, v PAUL F. JONES, ESQ., et al., Respondents. [830 NYS2d 876]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered October 21, 2005. The order, among other things, granted that part of defendants' motion seeking to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action against defendants, the attorneys representing plaintiff's adversary in an action in federal district court, seeking damages arising from defendants' alleged possession of certain sealed records from plaintiff's divorce. Supreme Court properly granted that part of defendants' motion seeking to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]) and properly denied plaintiff's cross motion. "Generally, an action against an attorney by a nonclient third party will not lie" (Singer v Whitman & Ransom, 83 AD2d 862, 863 [1981]), although "[a]n attorney may be held liable to third parties for fraud or collusion or for a malicious or tortious act" (Key Bank of N. N.Y. v Lake Placid Co., 103 AD2d 19, 31 [1984], appeal dismissed 64 NY2d 644 [1984]; see Gifford v Harley, 62 AD2d 5, 7 [1978]). Here, the facts alleged by plaintiff do not support such liability against defendants (see Key Bank of N. N.Y., 103 AD2d at 31). The record supports the court's determination that plaintiff's conduct in initiating this action was frivolous (see 22 NYCRR 130-1.1 [c] [1]), and we decline to disturb the court's exercise of discretion in imposing sanctions (see generally Navin v Mosquera, 30 AD3d 883 [2006]). Present—Scudder, P.J., Hurlbutt, Gorski and Martoche, JJ.