■ BETTY L. KIMMEL et al., Plaintiffs, v STATE OF NEW YORK et al., Respondents, et al., Defendants. EMMELYN LOGAN-BALDWIN, Appellant. [831 NYS2d 629]—

Appeal from a judgment of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered August 5, 2005. The judg-

ment was entered upon an order granting the motion of defendants State of New York, New York State Division of State Police, and James W. McMahon, individually and as Superintendent of New York State Police, seeking costs and sanctions against plaintiffs' former attorney.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court erred in granting the motion of the State of New York, New York State Division of State Police (State Police), and James W. McMahon, individually and as Superintendent of New York State Police (collectively, defendants), seeking costs and sanctions against plaintiffs' former attorney, the appellant herein, for her alleged frivolous conduct in filing a motion seeking various forms of relief. We note at the outset that the order from which the appeal was taken was subsumed in the subsequent judgment (*see Matter of Amherst Med. Park, Inc. v Amherst Orthopedics, P.C.*, 31 AD3d 1131, 1132 [2006]). Nevertheless, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

Plaintiffs commenced this action in 1995 alleging that plaintiff Betty L. Kimmel was subjected to various acts of sexual discrimination, sexual harassment and retaliation. This Court struck defendants' answers in 2001 on the ground that defendants "attempted to relitigate issues and . . . repeatedly disobeyed discovery orders of Supreme Court and this Court" (*Kimmel v State of New York*, 286 AD2d 881, 883 [2001]). The court granted those parts of plaintiffs' subsequent motion for a default judgment with respect to the State of New York and the State Police, but the court denied that part of the motion with respect to McMahon on the ground that plaintiffs failed to make the requisite showing with respect to him. The court gave plaintiffs 20 days in which to "address the issue of the sufficiency of the pleadings with respect to" McMahon and to move for leave to amend the complaint with respect to him. By their motion, plaintiffs sought leave to renew and/or reargue that part of their motion for a default judgment with respect to McMahon. In addition, they sought to vacate or modify a portion of an order entered in 1996 dismissing the cause of action alleging a violation of title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*), and they sought leave to amend the complaint to "add allegations" of disability discrimination. After receiving defendants' papers in opposition, plaintiffs withdrew that part

of the motion seeking leave to amend the complaint. The court denied the remainder of plaintiffs' motion and granted defendants "leave to submit an application for sanctions in connection with plaintiffs' motion." The court granted defendants' subsequent motion for costs and sanctions, ordering appellant to pay "[c]osts in the form of attorney fees [to defendants' attorneys] in the amount of $7,500 for her frivolous conduct in bringing the subject motion."

We conclude that the court abused its discretion in granting defendants' motion inasmuch as the motion made by appellant on behalf of plaintiffs was not "completely without merit in law" (22 NYCRR 130-1.1 [c] [1]; cf. *Ginther v Jones*, 35 AD3d 1224 [2006]; *Navin v Mosquera*, 30 AD3d 883, 883-884 [2006]). We note in particular that appellant withdrew that part of the motion seeking leave to amend the complaint "when its lack of legal or factual basis was apparent" (22 NYCRR 130-1.1 [c]; cf. *Navin*, 30 AD3d at 884). Although the court properly denied the motion insofar as it sought leave to reargue that part of the motion for a default judgment with respect to McMahon, that part of the motion was not completely without merit in law inasmuch as plaintiffs asserted that the court had overlooked or misapprehended the factual and legal basis for including McMahon in the default judgment (*see* CPLR 2221 [d] [2]). Finally, with respect to that part of the motion seeking to vacate or modify a portion of an order entered in 1996, we conclude that, under the circumstances of this case, including the acrimonious nature of the litigation and the procedural delays in determining plaintiffs' motion for a default judgment filed in September 2002, that part of the motion based upon a decision of the United States Supreme Court issued in 2002 also was not completely without merit in law. Present—Scudder, P.J., Hurlbutt, Gorski and Centra, JJ.