*769 OPINION OF THE COURT
Judith A. Rossiter, J.
By order to show cause, defendant sought to vacate this court’s default judgment entered on August 18, 2008. The court granted the relief upon plaintiffs default, awarding sanctions to defendant for attorney’s fees. Plaintiff then moved to reopen its defense, and the court afforded plaintiff an opportunity to provide documentation of the underlying assigned credit card claim and reconsidered the award of attorney’s fees.
To reopen a default, a party must show both excusable default and demonstrate a meritorious claim. Here there appears to be lack of proof of the credit card claim. The only documentation plaintiff has supplied to date is an account statement, which appears to have been prepared by the assignee, plaintiff, indicating an unpaid balance of $1,402 and an annual percentage rate (APR) of 23.9% (defendant’s affidavit in opposition to motion, exhibit A). The Appellate Division, Third Department, has clearly stated the evidence required to prove a credit card claim is as follows: (1) existence of an agreement between the defendant and the credit card issuer, (2) issuance of the credit card at the defendant’s address, (3) use of the credit card, and (4) retention of monthly statements and payments on the account. Even without a signed application, the absence of the underlying agreement would not relieve a defendant from his obligation to pay for goods and services rendered on credit (Citibank v Roberts, 304 AD2d 901 [3d Dept 2003]). For assigned credit card accounts, plaintiff must produce competent proof of assignment (Citibank [S.D.], N.A. v Martin, 11 Misc 3d 219 [Civ Ct, NY County 2005]). Further, counsel has a continuing duty to assess the legal and factual basis of a claim in order to avoid imposition of sanctions under part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.1; Navin v Mosquera, 30 AD3d 883 [3d Dept 2006]).
At the hearing on plaintiff’s motion to renew, plaintiff’s counsel indicated he needed six months to one year to obtain the necessary documentation and, as a result, withdrew the claim. Defendant’s uncontradicted affidavit avers that after receiving a mailed copy of the complaint in 2008, he contacted plaintiffs attorneys, contested the debt, and requested documentation. His affidavit denies that he incurred the alleged debt. Defense counsel did not receive from plaintiff any requested documentation establishing the alleged debt, which may raise an issue of compliance with the Fair Debt Collection Practices *770 Act, not addressed here. Plaintiff has no records other than a Worldwide Asset Purchasing, LLC invoice it prepared, which lists defendant’s name, the purported provider of credit, “Direct Merchants Credit Card Bank, NA,” “balance” and APR of 23.9%. It had no further competent evidence to back up the prepared document. As of the June 25, 2009 hearing date, plaintiff could not make an offer of proof under account stated, let alone contract, or for goods had and received. Nevertheless, the complaint on file was affirmed pursuant to CPLR 3020, the purpose of which is to prevent groundless suits.
“The purpose of the verification has not changed since it was introduced in this State; and its intent was ‘to bring back to legal allegations ... at least some regard to truth,’ and to serve ‘as a means of preventing groundless suits and defenses’ (First Report of Commissioners on Practice and Pleadings, 1848, pp. 153 and 145 respectively; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3020.01 [CPLR 3020, 3021]). The objective was to be obtained, in part, by the sanctions of the perjury statutes (Penal Law, §§ 210.00, 210.05, 210.10).” (Sandymark Realty Corp. v Creswell, 67 Misc 2d 630, 631 [Civ Ct, NY County 1971].)
The attorney’s verification of the complaint was apparently done in reliance upon the seller of the alleged debt, here, presumably an entity with direct knowledge of the original contract and account history creating the debt, but the court has not been provided with any assignment records, only the plaintiffs own prepared invoice, which is insufficient to prove the claim as a matter of law. Again, counsel has a continuing duty to assess the legal and factual basis of a claim in order to avoid imposition of sanctions under part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.1; Navin v Mosquera, 30 AD3d 883 [2006]). Counsel was presented with an opportunity to reevaluate the claim once defendant hired counsel, contested jurisdiction, denied he had incurred the claimed debt, and moved to reopen the default judgment. Despite the opportunity to contest the default on the order to show cause, plaintiff instead withdrew the entire claim at the hearing it had requested, after additional expenditures of 2.88 hours of defense attorney time (July 2, 2009 affidavit of Matthew Van Houten). The apparent lack of a factual basis for the claim renders plaintiffs conduct as frivolous within the meaning of 22 NYCRR 130-1.1 (c) (3).
*771 Attorney Van Houten’s affidavit of 6.83 hours of attorney time spent at $225 per hour is uncontested and the court finds the total, $1,541.31, reasonable given the amount of research, preparation needed of the order to show cause, and the number of court appearances required. Although section 130-1.1 has been interpreted to provide that sanctions should be proportional to the amount sought in the lawsuit (Vicom, Inc. v Silverwood Dev., 188 AD2d 1057 [4th Dept 1992]), given the defendant’s attorney’s efforts here to resolve this matter with plaintiff without success, and the complete lack of documentation to support the claim, plus the evidence of inadequate personal service resulting in a default judgment against defendant, the court finds that reasonableness and justice require that the attorney’s fees be paid by the plaintiff, not the defendant.
Attorney Van Houten is hereby awarded judgment against the plaintiff in the amount of $1,541.31 as a sanction for frivolous conduct by the law firm Cohen & Slamowitz, LLE