# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1505**
**CA 10-00401**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, GREEN, AND GORSKI, JJ.

---

WILLIAM E. BURKHART, JR.,
PLAINTIFF-APPELLANT-RESPONDENT,

                    V                          MEMORANDUM AND ORDER

STEVEN V. MODICA, J. MICHAEL WOOD,
CHAMBERLAIN, D'AMANDA, OPPENHEIMER AND
GREENFIELD, LLP, DEFENDANTS-RESPONDENTS,
AND MERCURY PRINT PRODUCTIONS, INC.,
DEFENDANT-RESPONDENT-APPELLANT.

---

WILLIAM E. BURKHART, JR., ROCHESTER, PLAINTIFF-APPELLANT-RESPONDENT
PRO SE.

HARTER SECREST & EMERY LLP, ROCHESTER (F. PAUL GREENE OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (ERICA M. DIRENZO OF COUNSEL), FOR
DEFENDANT-RESPONDENT STEVEN V. MODICA.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (PAUL G. FERRARA OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS J. MICHAEL WOOD AND CHAMBERLAIN,
D'AMANDA, OPPENHEIMER AND GREENFIELD, LLP.

---

Appeal and cross appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered November 5, 2009. The order granted the motions of defendants to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs and the matter is remitted to Supreme Court, Wayne County, for further proceedings in accordance with the following Memorandum: Plaintiff attorney previously represented William H. Bolia in an action in the United States District Court for the Western District of New York entitled *Bolia v Mercury Print Productions, Inc.* (hereafter, federal action). At a settlement conference on December 7, 2005 in the federal action, it became apparent to the District Court that plaintiff's paramount concern was that he would receive payment for attorney fees in the amount of $160,000, allegedly earned by plaintiff in representing Bolia. The record establishes that the District Court considered that fee to be far in excess of the reasonable settlement value of the case, and the District Court therefore sent a letter to plaintiff and another attorney who had appeared for Bolia expressing its concern on the issue whether Bolia's interests were being adequately represented, in

light of plaintiff's fee demand.  Bolia thereafter retained defendant Steven V. Modica to represent him in place of plaintiff, and the federal action was settled with defendant Mercury Print Productions, Inc. (Mercury) for $60,000, a sum that was deemed to include any claim for attorney fees.  Mercury was represented in the federal action by two of the defendants in this action, J. Michael Wood and the law firm of Chamberlain, D'Amanda, Oppenheimer and Greenfield, LLP.  As a result of the settlement, Bolia executed a general release and waiver on January 3, 2006 in favor of Mercury and, inter alia, its employees and agents.

Plaintiff filed a notice of lien dated December 30, 2005 against the settlement proceeds in the federal action pursuant to 28 USC § 1367 and Judiciary Law § 475, alleging that he was discharged without cause, and he thereafter filed a petition to enforce the lien.  He contended therein that, inter alia, he was entitled to judgment for services rendered as the attorney for Bolia.  Upon concluding that plaintiff had thereby invoked the jurisdiction of the court pursuant to Judiciary Law § 475, the District Court referred the fee dispute to a federal magistrate judge to conduct a hearing and to issue a report and recommendation concerning whether plaintiff was, inter alia, "entitled to any fees and/or disbursements, and if so, the amounts to which [he] is entitled."  Following a hearing, the Magistrate Judge determined that plaintiff was not entitled to any fees for representing Bolia in the federal action because plaintiff "placed his personal interest in collecting a fee ahead of his client's desire to obtain a fair and reasonable settlement and failed to keep his client informed of the fees and expenses he was charging his client in violation of the parties' retainer agreement."  The Magistrate Judge further ordered that any objections to his Report and Recommendation must be filed within 10 days of the receipt of a copy thereof, and that "[f]ailure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order" adopting the Report and Recommendation.  Bolia and plaintiff subsequently settled their fee dispute for the sum of $8,750, and they each executed general releases.  In June 2006 the District Court issued an order dismissing the federal action with prejudice.

Plaintiff commenced the instant action in December 2008 asserting causes of action based on, inter alia, Judiciary Law § 487 (1) and § 475 and seeking to recover damages based on allegations that he was unlawfully deprived of the attorney fees he claimed to have earned as a result of his representation of Bolia in the federal action.

We reject plaintiff's contention that Supreme Court erred in granting the pre-answer motions of all defendants and we further agree with the court that the instant action is wholly frivolous, warranting the imposition of sanctions for commencing it.  Plaintiff had a full and fair opportunity to litigate any claim for attorney fees in the federal action before the Magistrate Judge, although the claim was ultimately settled.  Plaintiff is thus barred by the doctrine of collateral estoppel from relitigating that claim in the instant action, inasmuch as that doctrine "precludes a party from raising, in

subsequent litigation, any issue that was decided in prior litigation so long as the issue was necessarily determined in the prior litigation and the party to be estopped had a full and fair opportunity to litigate the issue" (*Tuper v Tuper*, 34 AD3d 1280, 1282; *see Buechel v Bain*, 97 NY2d 295, 303-304, *cert denied* 535 US 1096). In any event, we conclude that plaintiff's claims in this action are barred by the general releases that he and Bolia executed in settling the federal action, both of which included their respective claims for attorney fees.

Finally, we note that, in granting defendants' pre-answer motions to dismiss the instant complaint, the court ordered plaintiff to pay defendants' costs incurred in defending this action, including the costs incurred with respect to the pre-answer motions. We further note that, although the court ordered that plaintiff pay sanctions to defendants, the court failed to specify the amount of such sanctions. Inasmuch as we agree with the court that the instant action is frivolous and thus that sanctions are warranted (*see* 22 NYCRR 130-1.1 [c]), we remit the matter to Supreme Court to determine the amount of sanctions to be imposed, following a hearing if necessary.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court