# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**38**

**CA 12-02233**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.
--------------------------------------------------------------------

IN THE MATTER OF THE ESTATE OF STANLEY A.
WAGNER, DECEASED.
-----------------------------------------------
JAAN AARISMAA, IV, PETITIONER-APPELLANT;

                                         MEMORANDUM AND ORDER

JOHN L. WAGNER, AS EXECUTOR OF THE ESTATE OF
STANLEY A. WAGNER, DECEASED,
RESPONDENT-RESPONDENT.
--------------------------------------------------------------------

JAAN AARISMAA, IV, PETITIONER-APPELLANT PRO SE.

HARRIS BEACH PLLC, ITHACA (MARK B. WHEELER OF COUNSEL), FOR
RESPONDENT-RESPONDENT.
--------------------------------------------------------------------

Appeal from an order of the Surrogate's Court, Seneca County (Dennis F. Bender, S.), dated August 31, 2012. The order, inter alia, denied the motion of petitioner to vacate a judgment and decree entered in October 2011 and enjoined petitioner from bringing further pro se applications in this estate matter without the approval of Surrogate's Court.

It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs and the matter is remitted to Surrogate's Court, Seneca County, for further proceedings in accordance with the following Memorandum: Petitioner appeals from an order that, inter alia, denied his motion pursuant to CPLR 5015 (a) to vacate a judgment and decree entered in October 2011 and enjoined petitioner from bringing any further pro se applications in this estate matter without the approval of Surrogate's Court. The judgment and decree, inter alia, granted the motion of respondent, the executor of decedent's estate, for summary judgment dismissing the petition. We affirm.

Petitioner contends that the Surrogate should have granted his motion because the judgment and decree was procured through "fraud, misrepresentation, or other misconduct of an adverse party," and because the Surrogate "lack[ed] . . . jurisdiction to render" the judgment and decree (CPLR 5015 [a] [3], [4]). Both of those contentions are based on petitioner's position that respondent's motion for summary judgment dismissing the petition was premature because issue had not been joined and a note of issue had not been filed. We reject both contentions. CPLR 3212 (a) provides that "[a]ny party may move for summary judgment in any action[] after issue has been joined; provided however, that the court may set a date after

which no such motion may be made, such date being no earlier than thirty days after the filing of the note of issue." Here, issue was joined on or about October 5, 2011, when respondent served his answer with counterclaims (*see generally Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 75) and, therefore, respondent's contemporaneous summary judgment motion was not premature (*see* CPLR 3212 [a]; *cf. Coolidge Equities Ltd. v Falls Ct. Props. Co.*, 45 AD3d 1289, 1289; *C.S. Behler, Inc. v Daly & Zilch*, 277 AD2d 1002, 1003). Further, pursuant to the plain language of CPLR 3212 (a), there is no merit to petitioner's position that a note of issue must be filed before a party moves for summary judgment or before a court grants such a motion. We thus conclude that the Surrogate did not abuse his discretion in denying the motion pursuant to CPLR 5015 (a) inasmuch as petitioner failed to set forth any factual or legal basis for his contentions concerning fraud, misrepresentation, or other misconduct on the part of respondent, or for lack of jurisdiction on the part of the Surrogate (*see Abbott v Crown Mill Restoration Dev., LLC*, 109 AD3d 1097, 1100; *Tribeca Lending Corp. v Crawford*, 79 AD3d 1018, 1020, *lv dismissed* 16 NY3d 783; *Pollock v Wilson*, 26 AD3d 772, 772; *Utica Mut. Ins. Co. v East End Pools & Cts.*, 271 AD2d 526, 527, *lv dismissed* 95 NY2d 902).

Petitioner further contends that he should have been granted a default judgment for a sum certain pursuant to CPLR 3215 (a) inasmuch as respondent failed to appear in this matter. As noted above, however, respondent did not fail to appear but, rather, filed an answer with counterclaims. Petitioner therefore is not entitled to a default judgment for a sum certain (*see id.*).

We conclude that the Surrogate did not abuse his discretion in ordering that petitioner obtain court approval before filing any further pro se applications against respondent, the estate, or the attorney for the estate (*see Bikman v 595 Broadway Assoc.*, 88 AD3d 455, 455-456, *lv denied* 21 NY3d 856; *Jones v Maples*, 286 AD2d 639, 639, *lv dismissed* 97 NY2d 716). Although "public policy mandates free access to the courts[,] . . . when a litigant is 'abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation' " (*Matter of Shreve v Shreve*, 229 AD2d 1005, 1006, quoting *Sassower v Signorelli*, 99 AD2d 358, 359; *see Breytman v Schechter*, 101 AD3d 783, 785, *lv dismissed* 21 NY3d 974). Here, despite numerous adverse determinations and repeated warnings by the Surrogate and, more recently, by this Court (*Matter of Aarismaa v Bender*, 108 AD3d 1203, 1205), petitioner continues to file frivolous and largely incomprehensible applications, based on his erroneous beliefs that issue was never joined and that a note of issue must be filed before a summary judgment motion may be made and granted. We therefore conclude that the Surrogate properly enjoined petitioner from continuing to use the legal system to harass respondent, to deplete the assets of the estate, and to waste the time of the Surrogate and this Court (*see Ram v Torto*, 111 AD3d 814, 815-816, *lv denied* ___ NY3d ___ [Jan. 21, 2014]; *Bikman*, 88 AD3d at 455-456; *Jones*, 286 AD2d at 639).

In light of the frivolous nature of this appeal and petitioner's continued abuse of the judicial system, we conclude that the imposition of costs is appropriate (*see Burkhart v Modica*, 81 AD3d 1356, 1358, *lv dismissed* 17 NY3d 850, *lv denied* 18 NY3d 853; *Ginther v Jones*, 35 AD3d 1224, 1224, *lv denied* 8 NY3d 810).  Finally, we conclude that, under the circumstances of this case, sanctions are warranted (*see* 22 NYCRR 130-1.1; *Ram*, 111 AD3d at 816; *Matter of Hirschfeld v Friedman*, 307 AD2d 856, 859).  We therefore remit the matter to the Surrogate to determine the amount of sanctions to be imposed, following a hearing if necessary (*see Burkhart*, 81 AD3d at 1358; *Charles & Boudin v Meyer*, 307 AD2d 272, 274).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court