**Ballon Stoll P.C. v 162 Utica Ave, Inc.**

2026 NY Slip Op 30682(U)

February 20, 2026

Supreme Court, New York County

Docket Number: Index No. 650365/2024

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. KATHLEEN WATERMAN-MARSHALL**   PART   31

*Justice*

-------------------------------------------------------------------------------X

BALLON STOLL P.C.,

INDEX NO.   650365/2024

Plaintiff,

MOTION DATE   12/29/2025

- v -

MOTION SEQ. NO.   001

162 UTICA AVE, INC.,162 UTICA 11, LLC

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for                    DISCOVERY                    .

Upon the foregoing documents, the motion by defendant 162 Utica 11, LLC to strike the pleadings of plaintiff Ballon Stoll P.C. ("Ballon Stoll"), sanction Ballon Stoll, and for a default judgment on its counterclaim, is granted in part. Upon the same record, the motion by Ballon Stoll to compel disclosure is denied.

## Background

Ballon Stoll commenced this interpleader action to resolve the defendants' alleged competing claims to a $75,000 contract deposit made for the purchase of real property and held in escrow by Ballon Stoll. The complaint alleges that the building located at 162 Utica Avenue in Brooklyn ("the Premises") is owned by defendant 162 Utica Ave., Inc. ("Owner"), which agreed to sell the Premises to defendant 162 Utica 11, LLC ("Purchaser"), pursuant to a contract of sale dated February 27, 2023, as amended on March 12, 2023. The sales price of the Premises is alleged to be $1,600,000, with a deposit of $75,000 placed into escrow with Ballon Stoll. It is further alleged that the Owner and Purchaser "did not consummate their transaction" and then engaged in "extensive and acrimonious communications. . . regarding their individual entitlement to the Contract Deposit," and that based upon those competing claims, Ballon Stoll "is unable to remit" the deposit to either Owner or Purchaser.

In its answer, served on August 22, 2024, Purchaser denied the material allegations of the complaint, raised several affirmative defenses and asserted a counterclaim for return of its $75,000 deposit. In pertinent part, the answer alleges that Purchaser delivered the deposit "in anticipation of the execution and delivery of a real estate contract," which "was never signed and delivered." The answer further alleges that "discussion of a contract took place, but no meeting of the minds was ever reached"; Ballon Stoll "is fully aware" that the parties did not enter into any contract; and that neither Owner nor Ballon Stoll have any claim to the $75,000 deposit.

Ballon Stoll served its reply to the counterclaim on May 29, 2025, which Purchaser promptly rejected as untimely on May 30, 2025.

650365/2024   BALLON STOLL P.C. vs. 162 UTICA AVE, INC. ET AL          Page 1 of 5
Motion No.  001

[* 1]

In the meantime, on September 24, 2024, Purchaser served a demand for discovery and inspection calling for, *inter alia*, a copy of the fully executed contract. No discovery took place and Purchaser requested a Preliminary Conference. This Court held a Preliminary Conference on June 25, 2025, and a Compliance Conference on September 24, 2025, each time issuing an order directing Ballon Stoll to produce the signed contract of sale for the Premises. It never did so, instead producing only a red-lined, unsigned version.

Purchaser's motion and Ballon Stoll's cross-motion, each seeking discovery sanctions, ensued.[1] As noted above, Purchaser seeks an order, *inter alia,* striking Ballon Stoll's complaint for willful failure to comply with discovery orders and for a default judgment on its counterclaim for return of the downpayment deposit. In opposition, Ballon Stoll argues that the motion to compel should be denied as procedurally improper and upon the ground that Ballon Stoll has already provided the only version of the contract in its possession – to wit: the red-lined, unsigned contract. It further argues that Purchaser's request for a default judgment on its counterclaim is untimely, having been made more than one year after the default. Ballon Stoll cross-moves to compel Purchaser to respond to its discovery demands, contending that it has failed to comply with the Preliminary and Compliance Conference orders.

In reply and opposition to the cross-motion, Purchaser points out that Ballon Stoll's concession that it does not possess a signed contract of sale and that the complaint, which is based solely on the existence of a signed contract of sale, is therefore without merit, the complaint's allegations are demonstrably false, and Ballon Stoll has no basis to refuse to return the deposit.

Notably, Owner has not appeared in this action or answered the complaint, and its time to do so has long since expired.

## Discussion
### I. Compel and Strike Complaint

CPLR § 3101(a) directs that there "shall be full disclosure of all matter material and necessary to the prosecution or defense of an action, regardless of the burden of proof" (*Forman v Henkin*, 30 NY3d 656, 661 [2018]). The words "material and necessary" are interpreted liberally to include any facts which sharpen the issues and reduce prolixity; the test utilized is "one of usefulness and reason" (*id*. citing *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). These discovery obligations extend to "any things which are in the possession, custody or control of the party or person served" (CPLR 3120).

CPLR § 3124 provides that a party seeking disclosure may move to compel compliance or a response if the responding party fails to respond or comply with a proper request, notice, interrogatory demand or question pursuant to Article 31 of the CPLR.

CPLR § 3126(3) provides that the Court may strike a pleading when it finds, *inter alia*, that a party has refused to obey an order for disclosure or willfully fails to disclose information that ought to have been disclosed. This remedy is drastic and should only be imposed when the movant has "clearly shown that its opponent's nondisclosure was willful, contumacious or due to bad faith" (*Commerce & Indus. Ins. Co. v Lib-Com Ltd.*, 266 AD2d 142 [1st Dept 1999]). A pattern of default,

---

[1] The motion papers reveal an unnecessarily high degree of acrimony, in which counsel inappropriately refer to their opposing counsel's papers as "childish" and "putrid." Thinly veiled ad hominem attacks are unbecoming of Court filings, and counsel are reminded of their professional and ethical obligations.

lateness, and failure to comply with court orders can give rise to an inference of willful and contumacious conduct (s*ee Merchants T & F, Inc. v Kase & Druker,* 19 AD3d 134 [1st Dept 2005]; s*ee also Shah v Oral Cancer Prevention Intl., Inc.*, 138 AD3d 722 [2d Dept 2016]).

Compliance with discovery obligations "requires a timely response and good faith effort to provide a meaningful response" (*Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]). "A party that permits discovery to 'trickl[e] in [with a] cavalier attitude should not escape adverse consequence'" (*Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011] quoting *Figdor v City of New York*, 33 AD3d 560, 561 [1st Dept 2006]). Indeed, "chronic noncompliance with deadlines breeds disrespect for the dictates of the Civil Practice Law and Rules and a culture in which cases can linger for years without resolution" (*Gibbs v St. Barnabas Hosp.*, 16 NY3d 74 [2010]).

Ballon Stoll did respond to the Preliminary Conference and Compliance Conference Orders, but in neither case did it provide a copy of the signed contract of sale for the Premises, the very document that forms the basis of this interpleader action. In this way, Ballon Stoll's responses do not constitute a good-faith effort to provide meaningful discovery on the material issues raised by its complaint. In pertinent part, the complaint alleges that

> On or about February 27, 2023, the parties entered into a contract of sale (the "Contract") whereby the parties agreed that [Owner] would sell the Premises to [Purchaser] at a price of $1,600,000 and a deposit of $75,000 (the "Contract Deposit") was placed in escrow with counsel to [Owner], the Plaintiff herein, as Escrow Agent.

In the absence of a signed contract of sale for the Premises, Owner has no claim to the $75,000 contract deposit, and Ballon Stoll lacks any basis to retain the $75,000 contract downpayment or ask this Court for relief as to the purported competing claims between Owner and Purchaser to the deposit. It is axiomatic that there must be a contract of sale for the purchase of real property in order for any party to assert a claim to the contract deposit made pursuant to such contract of sale (*see generally Maxton Builders, Inc. v Lo Galbo*, 68 NY2d 373, 378 [1986] [explaining that retention of contract deposit provides remedy to non-breaching seller of real property and "For more than a century it has been well settled in this State that a vendee who defaults on a real estate contract without lawful excuse, cannot recover the down payment"]; *Hossain v Selechnik,* 107 AD3d 549 [1st Dept 2013] [purchaser who failed to appear at closing "resulting in a default and the forfeit of his deposit pursuant to the terms of sale"]). If there is no contract in the first instance, there can be no damages arising from its breach (*see generally 34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022] [breach of contract requires showing of a contract, performance by one party, breach by the other party, and that the breach resulted in damages]).

Accordingly, Ballon Stoll's continued failure to provide a signed contract of sale for the Premises over the course of two years and despite two court orders – which document forms the entire basis for this action – does not constitute meaningful compliance with its discovery obligations and amounts to wilfull noncompliance, warranting the striking of its complaint and the striking of its reply to Purchaser's counterclaim (*Kihl*, 94 NY2d at 123; *Sonmez v World on Columbus, Inc.,* 261 AD2d 199, 199 [1st Dept 1999] ["Also supportive of the motion court's determination to strike the pleadings was Kemal Sonmez's evidently willful refusal to produce other relevant records demanded by defendants and his failure to respond to questions regarding his stock ownership in World on Columbus, Inc., the corporation on behalf of which he purported to sue"]).

[* 3]

Ballon Stoll's contention that its pleadings cannot be stricken at this juncture, and that the Court must first compel production of the contract, is without merit. Ballon Stoll admitted that it is not in possession of a signed contract of sale for the Premises. Any further direction by this Court for production of a document that does not exist would be futile.

*II. Default Judgment on Counterclaim*

Purchaser's motion for a default judgment on its counterclaim and directing Ballon Stoll to return the $75,000 deposit, is denied as academic given that Ballon Stoll's complaint and reply to the counterclaim have been stricken and Purchaser shall have judgment on its counterclaim on that basis.

*III. Sanctions*

The Court is afforded discretion to impose sanctions and costs for frivolous conduct (22 NYCRR 130-1.1[a]). "Conduct is frivolous if it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (*Newman v Berkowitz*, 50 AD3d 479 [1st Dept 2008] [internal quotations omitted]; 22 NYCRR § 130-1.1[c]). Likewise, materially false statements are sanctionable (22 NYCRR § 130-1.1[c]).

In determining whether conduct is frivolous, the Court considers the totality of the circumstances, as well as the dual purposes of sanctions: (1) retributive, in punishing past conduct and (2) deterrent, preventing future frivolous conduct by the parties and the greater bar at large (22 NYCRR 130.101[c]; *Levy v Carol Mgmt. Corp.*, 260 AD3d 27, 34 [1st Dept 1999]). This includes determining "whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent" (22 NYCRR § 130-1.1[c]; *Navin v Mosquera*, 30 AD3d 883 [3d Dept 2006]). The deterrent purpose of imposing sanctions also includes consideration of the waste of judicial resources (*Levy*, 260 AD2d at 34). "There is no requirement that the dictates of [22 NYCRR] § 130-1.2 be followed in any rigid fashion, the court's decision was sufficient to set forth the conduct on which the [sanctions] award was based, the reasons why it found this conduct to be frivolous and the amount to be appropriate" (*Benefield v New York City Hous. Auth.*, 260 AD2d [1st Dept 1999]).

Ballon Stoll, lacking any basis for its allegation that Owner and Purchaser entered into a contract of sale for the Premises, pursuant to which competing claims for the deposit were made and commencing this interpleader action upon that ground, has engaged in frivolous conduct. Indeed, more than two years after commencement, Ballon Stoll admits for the first time on this motion that there is no signed contract of sale. Moreover, as Owner has not appeared in this action or answered the complaint, there are actually no competing claims to the $75,000 contract downpayment. Under these circumstances, this impleader action lacks any basis, and Ballon Stoll's attempt to continue to prosecute its claim is frivolous – including its cross-motion to compel discovery (*Navin*, 30 AD3d at 884 [complaint, although not frivolous when filed, became frivolous as action progressed; "Supreme Court appropriately determined that plaintiffs' conduct was frivolous in continuing to prosecute their complaint after it was apparent that there was no factual or legal basis to support that complaint"]).

Ballon Stoll should have known that this action was frivolous no later than August 11, 2025, the deadline to respond to Purchaser's deficiency demand seeking the signed contract of sale (NYSCEF Doc. No. 22, Good Faith Letter requesting Ballon Stoll provide signed contract). It unquestionably knew, on October 24, 2025, that the action was frivolous when it supplemented its production with the unsigned, red-lined version of the contract, which it contends is the only version it possesses. Accordingly, each action taken by Ballon Stoll after October 24, 2025 in further

prosecution of this matter is frivolous. Therefore, as sanction for Ballon Stoll's frivolous conduct, Purchaser shall recover its reasonable attorney's fees incurred after October 24, 2025, including on the instant motion and cross-motion.

Accordingly, it is

**ORDERED** that the motion by defendant 162 Utica 11, LLC is granted to the extent of striking Ballon Stoll P.C.'s complaint and answer, and sanctioning Ballon Stoll P.C. in the amount of reasonable attorney's fees incurred by 162 Utica 11, LLC after October 24, 2025, and is otherwise denied; and it is further

**ORDERED, DECLARED, and ADJUDGED** that 162 UTICA 11, LLC shall have judgment on its counterclaim against Ballon Stoll P.C., and Ballon Stoll P.C. shall return the $75,000 downpayment held in escrow to 162 Utica 11, LLC within fourteen days of the date of this Decision and Order; and it is further

**ORDERED** that an inquest on the amount of reasonable attorney's fees due 162 Utica 11, LLC as sanction for Ballon Stoll P.C.'s frivolous conduct shall proceed to inquest on paper submissions only on April 15, 2026; and it is further

**ORDERED** that papers in support of reasonable attorney's fees due 162 Utica 11, LLC shall be filed to NYSCEF no later than March 20, 2026; and it is further

**ORDERED** that papers in opposition of 162 Utica 11, LLC's reasonable attorney's fees shall be field to NYSCEF no later than April 10, 2026; and it is further

**ORDERED** that the cross-motion by Ballon Stoll P.C. is denied in its entirety.

<u>**2/20/2026**</u>
**DATE**

**KATHLEEN WATERMAN-MARSHALL, J.S.C.**

CHECK ONE: [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

[ ] GRANTED    [ ] DENIED    [X] GRANTED IN PART    [ ] OTHER

APPLICATION: [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE