Order and judgment (one paper), Supreme Court, New York County (Marcy S. Friedman, J.), entered August 9, 2011, which, to the extent appealed from as limited by the briefs, granted plaintiffs motion for summary judgment on its first cause of action, alleging breach of contract, and for a declaration, upon its second cause of action, that the purchase agreement was validly canceled, and so declared, unanimously affirmed, without costs.
Defendant’s failure to appear at the scheduled closing, at which plaintiff appeared, ready, willing and able to close, constitutes a default under the purchase agreement (see El-Ad, 250 W. LLC v 30 Hubert St. LLC, 67 AD3d 520 [2009]). Defendant’s failure to cure her default or to provide a lawful excuse for it entitles plaintiff to retain the 10% down payment as liquidated damages, pursuant to paragraphs 9 and 16 of the purchase agreement (see Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 378 [1986]; Rivera v Konkol, 48 AD3d 347 [2008]).
The issue of which party should bear liability for the carrying costs is rendered moot by defendant’s unexcused default, which entitles plaintiff to the down payment as liquidated damages without reference to its actual damages (see Uzan v 845 UN Ltd. Partnership, 10 AD3d 230, 237 [2004]).
Defendant failed to raise an issue of fact whether the conditions existing in the unit on the day before closing were other than “minor details” and therefore gave her the right, under paragraph 18 (i) of the purchase agreement, to decline to accept title. Concur — Mazzarelli, J.E, Sweeny, DeGrasse, Freedman and Richter, JJ.