■ Kazi A. Hossain, Appellant, v Jacob Selechnik et al., Respondents. [968 NYS2d 47]—

Judgment, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered April 30, 2012, to the extent appealed from as limited by the briefs, dismissing the complaint as against defendants Jacob Selechnik and 347 LLC, and bringing up for review an order, same court and Justice, entered January 18, 2012, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motion for summary judgment dismissing the complaint as against Selechnik and 347 LLC, unanimously affirmed, with costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendants made a prima facie showing of their entitlement to judgment as a matter of law. They submitted evidence showing that a time of the essence closing was scheduled for June 30, 2005, that plaintiff and his attorney were notified of the closing, that the Referee was ready, willing and able to close, and that plaintiff failed to appear, resulting in a default and the forfeit of his deposit pursuant to the terms of sale (*see 225 5th, LLC v Volynets*, 96 AD3d 429 [1st Dept 2012]; *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]).

Plaintiff failed to raise a triable issue of fact. His self-serving statement that he did not know about the closing contradicts his earlier sworn statement admitting awareness of the closing date (*see Weinberger v 52 Duane Assoc., LLC*, 102 AD3d 618, 619 [1st Dept 2013]). Further, the adjournment of the closing date beyond the 10-day limit mentioned in the terms of sale does not impact the other terms of the sale, including the "time of the essence" provision (*see Beacon Term. Corp. v Chemprene,*

*Inc.*, 75 AD2d 350, 354 [2d Dept 1980], *lv denied* 51 NY2d 706 [1980]). Nor was there any evidence that plaintiff and Selechnik were partners or had formed a partnership, or that Selechnik or his attorney otherwise represented plaintiff's interests at the closing.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Saxe and Freedman, JJ.