■ LITTLE CHERRY, LLC, Respondent-Appellant, v TWO BRIDGESET HOUSING DEVELOPMENT FUND COMPANY et al., Appellants-Respondents. [45 NYS3d 472]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 17, 2016, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the third and fifth causes of action and for cancellation of the notice of pendency, and granted their motion for summary judgment dismissing the sixth cause of action, unanimously modified, on the law, to grant defendants' motion as to the third and fifth causes of action and for cancellation of the notice of pendency, and otherwise affirmed, with costs to be paid by plaintiff. The Clerk is directed to enter judgment dismissing the complaint and canceling the notice of pendency.

The contract between plaintiff Little Cherry, LLC and defendant Two Bridgeset Housing Development Fund Company clearly and unambiguously provided that it would terminate if plaintiff or its designee failed to obtain approval from the New York City Department of City Planning for a minor modification of a special permit regarding the proximity of the existing building and a neighboring building and consent from all property owners within the Large Scale Development Plan in which the property was located within a specified time. Defendants established their prima facie entitlement to summary judgment dismissing the complaint by showing that such approvals were not obtained within the specified time (see Sohayegh v Oberlander, 155 AD2d 436, 438 [2d Dept 1989]; and see M Squared New Rochelle, LLC v G&G Props., LLC, 65 AD3d 1090, 1093 [2d Dept 2009]).

In opposition, plaintiff failed to raise a triable issue of fact. Specifically, plaintiff's argument, asserted in the affidavit of its managing member, that defendants took responsibility for,

frustrated, or otherwise failed to cooperate with efforts to obtain the necessary approvals, contradicted his prior affidavit submitted in support of a preliminary injunction, and presented only feigned factual issues (*Hossain v Selechnik*, 107 AD3d 549 [1st Dept 2013]; *Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327 [1st Dept 2006]). Concur—Mazzarelli, J.P., Manzanet-Daniels, Feinman, Webber and Gesmer, JJ. 