Ward Capital Mgt. LLC v New Pelham Parkway N. LLC (2018 NY Slip Op 06797)





Ward Capital Mgt. LLC v New Pelham Parkway N. LLC


2018 NY Slip Op 06797


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


7288 25380/15E

[*1]Ward Capital Management LLC, Plaintiff-Appellant,
v
New Pelham Parkway North LLC, et al., Defendants-Respondents, Weisberg & Weisberg, etc., Defendant.


Itkowitz, PLLC, New York (Jay B. Itkowitz of counsel), for appellant.
Barnes & Barnes, P.C., Melville (Leo K. Barnes, Jr. of counsel), for respondents.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered January 22, 2018, which granted defendants' motion for summary judgment dismissing the complaint and granted their counterclaims to retain plaintiff's $1 million down payment, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.
Defendants made a prima facie showing of their entitlement to judgment as a matter of law. They submitted evidence that the contract of sale between the parties for the sale of four real estate properties clearly stated that "time is of the essence" as to the closing date and that, through an amendment to that contract, the parties scheduled the closing for October 18, 2013. Defendants also provided evidence that all parties appeared at the proposed closing on that date, defendants were ready, willing and able to close, and plaintiff did not have the liquid cash to pay the purchase price (see Hossain v Selechnik, 107 AD3d 549, 549 [1st Dept 2013]). Since the real estate contract provided that the time of closing is of the essence, performance on the specified date was a material element and plaintiff's failure to perform on that date constituted material breach (Thor Props., LLC v Willspring Holdings LLC, 118 AD3d 505, 508 [1st Dept 2014]; Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 137-138 [1st Dept 2012]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff asserted that it had lawful excuses for its failure to close, since defendants provided a false representation in the sale contract regarding threatened litigation related to two of the properties, there was cloudy title due to a pending foreclosure action, and a third party failed to provide final documentation regarding a $10 million loan to plaintiff to cover part of the purchase price.
First, the sale contract explicitly stated that if a representation was false and had a materially adverse effect on the market value of the property, defendants could monetarily solve the problem and plaintiff would still be required to close. Second, while there was a pending foreclosure action concerning two of the four properties that were the subject of the sale, the plaintiff bank in that action was well aware that the outstanding mortgage amounts, related costs, and attorneys' fees would be paid off in connection with the closing and the bank provided pay-off statements to effectuate the payments. Moreover, the title insurance company agreed to provide insurance without any exceptions. Third, plaintiff warranted in the sale contract that it did not need outside financing to fund the purchase price, plaintiff's obligations thereunder were not contingent on any loan from any third party, and defendants were relying on this [*2]representation as a material inducement to enter into the sale contract. In light of this language, the lack of final documentation regarding a $10 million loan to plaintiff was not a lawful excuse.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK