Goldberg v Goldberg (2022 NY Slip Op 05751)

Goldberg v Goldberg

2022 NY Slip Op 05751

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

Index No. 365428/20 Appeal No. 16398 Case No. 2021-04022 

[*1]Shari Goldberg, Plaintiff-Respondent,
v
Joshua Goldberg, Defendant-Appellant.

Chemtob Moss Forman & Beyda, LLP, New York (Michael F. Beyda of counsel), for appellant.
Mosberg Sharma Stambleck Gross LLP, New York (Jillian E. Gross of counsel), for respondent.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about September 30, 2021, which denied defendant husband's motion for an order setting December 13, 2019 as the cut-off date for determining the valuation of marital property, unanimously affirmed, without costs.
The February 2020 agreement between the parties provided that December 13, 2019 would be used as the cut-off date for determining various issues in the parties' potential divorce, including the valuation of marital property and the length of the marriage. The agreement expressly provided that it would expire on December 13, 2020. However, it also provided that without a further written agreement to the contrary between the parties, "if either party file[d] a Divorce Pleading prior to or on December 13, 2020, which filing [was] followed by notice thereof to the other party . . . within seven (7) days of such filing," then December 13, 2019 would be used as the cut-off date for the pendency of the divorce pleading. Plaintiff wife eventually commenced this action by filing a summons and complaint on November 8, 2020 and provided notice of the filing on November 17, 2020 — nine days afterwards. Defendant husband filed an answer, but not until June 2021.
A straightforward application of the agreement shows that the agreement did, in fact, expire on December 13, 2020 (see Little Cherry, LLC v Two Bridgeset Hous. Dev. Fund Co., 146 AD3d 714, 714 [1st Dept 2017]). The agreement did not oblige either party to file a divorce pleading before December 13, 2020, nor did it oblige either party to serve notice of the filing within seven days. Rather, the agreement provided, in clear and conditional language, that if either party filed a divorce pleading and gave notice of that pleading to the other party within seven days, then the agreement would remain in effect rather than expiring on December 13, 2020. While the wife filed the divorce pleading prior to December 13, 2020, she filed the notice nine days after the filing and not seven days after as required by the agreement for the December 13, 2019 date to remain in effect. The agreement therefore expired according to the plain meaning of its terms (see Beinstein v Navani, 131 AD3d 401, 405 [1st Dept 2015]).
We have considered the husband's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022